HAUGE, Respondent, vs. LA CROSSE & SOUTHEASTERN RAILWAY COMPANY, Appellant.

*January 13—January 30, 1912.*

*Railroads: Condemnation of land: Ownership: Amount of compensation: Elements included: Appeal: Questions considered: Record: Bill of exceptions.*

1. The question of the ownership of land taken by a railway cannot be considered on appeal to this court where the evidence on that subject is not incorporated in the bill of exceptions.
2. Where land is taken for a railway the compensation to be made ordinarily consists of two elements: the value of the land actually taken and the damage to the remaining land; but if no compensation is claimed or awarded for the land actually taken the railway company cannot complain of the omission of that element.
3. It cannot be held in such a case that there was error in permitting the jury to consider improper elements of damages, where the evidence in respect thereto was brought out by the appellant company and the instructions to the jury are not incorporated in the record.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to determine what compensation is due plaintiff on account of an alleged taking of land for right-of-way pur-

poses. There was a preliminary contest over whether plaintiff was the owner of the land, which was decided in his favor, no part of the evidence in respect thereto being preserved in the bill of exceptions, an award being duly made by commissioners, an appeal therefrom by plaintiff taken, and a trial on such appeal on the single question of the amount defendant should pay on account of the act complained of. The cause was submitted to the jury on such question, resulting in a finding in plaintiff's favor of a sum in excess of the award appealed from. Judgment was rendered thereon of which complaint in due form is made.

For the appellant there was a brief by *Wm. S. Burroughs* and *Chas. W. Graves,* and oral argument by *Mr. Burroughs.*

For the respondent there was a brief by *W. F. & A. C. Wolfe,* and oral argument by *W. F. Wolfe.*

MARSHALL, J. The judgment must be affirmed without giving much attention to the points raised by appellant's counsel. We are precluded therefrom because of the state of the record. The question of whether the land in dispute was the property of respondent, manifestly, cannot be considered because the evidence bearing thereon was not incorporated into the bill of exceptions.

The point that the court failed to submit to the jury and the jury failed to find as part of respondent's damages, the value of the strip of land taken, seems to be without merit. True, compensation, ordinarily, in cases of this kind is to be made up of two elements, the value of the land actually taken and damage to the remaining land. But where no compensation is claimed, other than for the latter element, no evidence is produced in respect to any other, and no judgment is rendered except as to the one, no reason is perceived why the appropriator should complain. There does not seem to be even irregularity to justify such complaint.

A point is made that the court permitted elements of dam-

ages to be considered by the jury which were improper. Whether such elements are recoverable need not be discussed, since, as respondent's counsel suggest, all evidence in respect to the matter was brought out by counsel for appellant, and instructions given by the court are not incorporated in the record so as to enable us to see whether such elements were submitted to the jury or not.

The question is raised as to whether the verdict is excessive, but the record so clearly shows that it was based on credible evidence, that it is not thought best to do more than make this brief reference to the matter.

One or two other points are suggested for consideration, but, in our judgment, there is not anything which would justify, much less require, further discussion of the case.

*By the Court.*—The judgment is affirmed.

