HARRY S. YOUNG *vs.* THE TOWN OF WEST HARTFORD.

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

28

Argued January 9th—decided March 3d, 1930.

*Ufa E. Guthrie,* for the appellant (plaintiff).

*Richard H. Deming,* Corporation Counsel of the town of West Hartford, for the appellee (defendant).

MALTBIE, J. This is an appeal from an assessment of benefits and an award of damages by the defendant town by reason of a layout of a new street. The appellant owns a tract of land on the south side of Park Road, comprising two lots known as fifteen and sixteen, with an aggregate frontage of ninety feet, and also other land adjoining these lots upon the west with an aggregate frontage of one hundred and forty-nine feet. The new street follows the line of a proposed

street which had never been laid out or accepted by the town and includes a strip of land between the proposed street and the appellant's land five and one half feet wide and also a strip along the east side of his land about twelve and one half feet wide at the front and five and one half feet wide at the rear. The layout of the new street did not include the establishment of any building line along the property of the appellant. There was in effect at the time an ordinance which prohibited the owner of any premises abutting upon an accepted street where no building line had been established by the town plan commission from building any house within fifty feet of the street line, unless he had secured a permit from the town authorizing him to build within a less distance. The appellant made no application for such a permit. The assessment and award was made solely with reference to the layout of the street, without regard to any building line. The trial court found that the only damages sustained by the appellant were the fair market value of the land actually taken and that he received no benefit by reason of the improvement. It awarded him damages of $495.

The appellant claims that the entire proceedings were illegal because of a failure to establish building lines as an incident of the layout of the street. The special law under which the town was acting provides as follows: "Whenever the town plan commission shall have approved the location of any new street or highway, the alteration, widening or relocation of any existing street or highway, or the location or relocation of any building or veranda line within the limits of said town, the town council may lay out, grade, make and establish any such street or highway or portion thereof and may establish any such building or veranda line or any portion thereof. . . . The bureau of assess-

ments and awards shall estimate and assess the benefits and estimate and award the damages to the owners of the premises affected by such location, alteration, widening or relocation and by the establishment of such building and veranda lines, including benefits and damages resulting to owners of abutting land or land in the neighborhood thereof, on account of such work and including the cost of the land so taken for any improvement." Special Laws of 1925, p. 947. A reading of these provisions makes it evident that the words "and" and "or" are not used with a careful regard to their primary significance, and it is clear that the intent was to authorize the establishment of building lines either as incident to the layout of a street or as a separate proceeding after a street had already been laid out. This is made clear by the fact that until the amendments of 1925 to the charter of West Hartford the establishment of building lines was provided for under an Act distinct from that governing the layout of streets, which was repealed when the latter was broadened to cover this subject. Special Laws of 1913, p. 733; Special Laws of 1925, pp. 693, 947. Moreover, the appeal allowed in assessment proceedings under the law now in force is by the terms of the statute limited to claims for a reassessment and a reaward and the power of the court is restricted to such a reassessment or reaward, if it shall find cause to change the assessment or award. Special Laws of 1917, p. 1173. The appellant, having appealed from the assessment to the Superior Court, is in no position to contend that the whole proceedings were void. *Holley* v. *Sunderland*, 110 Conn. 80, 147 Atl. 300. The provisions of this Act concerning appeals in the main follow those of the charter of the city of Hartford, as to which we have already stated a like conclusion. *Second North School District's Appeal*, 92 Conn. 193,

196, 102 Atl. 574. The appellant's claim necessarily fails.

If the ordinance forbidding the building of any house within fifty feet of a street where no building line has been established, except upon a permit obtained from the town, was valid, it necessarily would become at once operative and would apply to land of the appellant. To all intents and purposes it would prevent the appellant, or any other owner abutting upon the new street, from building any house within fifty feet of the street line, except as he secured a special permit, just as effectively as if a fifty-foot building line were formally established. As regards the lot of the appellant abutting immediately upon the new street, it may very well have the effect of entirely destroying its availability for residential purposes, unless he can obtain the special permit. The appellant claims that the ordinance is invalid upon the principles laid down in *Ingham* v. *Brooks,* 95 Conn. 317, 111 Atl. 209. We have not before us the terms of the particular ordinance, or of any related ordinance governing the issuance of special permits, for they are not found by the trial court and we cannot take judicial notice of them. We are not able to accept as a basis of our opinion the purported provisions of the ordinance quoted in appellant's brief, for they differ materially from the summary of the ordinance stated in the finding of the trial court. Upon this record we should hesitate to hold the ordinance invalid upon this ground. Upon the other hand, the town contends that the ordinance was enacted in the exercise of the police power and as such no person whose lands are affected thereby has a right to claim compensation for the resulting interference to his use thereof. Building lines may be established in the exercise of that power, without compensation to landowners affected by them, and an ordinance estab-

lishing them must be deemed valid unless it plainly appears that its terms are not reasonable or that its provisions are not rationally adapted to the promotion of public health, safety, convenience or welfare. *State v. Hillman,* 110 Conn. 92, 147 Atl. 294; *Windsor v. Whitney,* 95 Conn. 357, 368, 111 Atl. 354; *Young v. Lemieux,* 79 Conn. 434, 440, 65 Atl. 436, 600. An ordinance which forbids the construction of any house within fifty feet of a street wherever building lines have not been established, which is to apply generally to all the area within an entire town, regardless of conditions in the immediate locality, and particularly regardless of the location of the lots or tracts of land affected, subject to exception only upon the issuance of a permit in the unrestricted discretion of a particular officer might well be questioned upon constitutional grounds. But, in the instant case, we do not know whether the issuance of the permit is thus left to the unlimited discretion of a particular officer or whether its issuance may not be so controlled and directed as to protect the rights of landowners against restraints not reasonably within the proper exercise of the police power. We must make every intendment in favor of the constitutionality of the ordinance and cannot therefore upon this record hold it an invalid exercise of that power. It follows that we cannot find the trial court in error in not considering the ordinance in making its finding as to appellant's damages.

An examination of the assessment and award made by the town authorities discloses that it only purports to deal with lot fifteen. In the appeal the appellant states his ownership of both lots, fifteen and sixteen, and seeks relief with reference to them. The trial court expressly based its findings upon the effect of the assessment upon the two lots alone. If the other contiguous land of the appellant was so related to the lots

involved in the assessment that all should have been considered as one tract, he ought to have adapted his pleadings to present that situation to the court. See 2 Nichols on Eminent Domain (2d Ed.) p. 743. As the case stands, damages would have to be assessed solely upon the value of these lots, taking into consideration their availability for use before and after the layout of the street, and the court would necessarily have to assume that there was no other land of the appellant which might be affected by that layout. It necessarily follows that the trial court was correct in denying appellant's request to make an addition to the finding to the effect that he owned and occupied a house standing upon the tract adjoining lots fifteen and sixteen so located that it would be impracticable and undesirable to use the land between the house and the lots in connection with them. Whether or not any portion of the tract adjoining the lots was available for use in connection with them was not a consideration which upon the pleadings was properly before the court.

The trial court also properly refused to add to the finding the costs which would be incurred by the appellant for the construction of a sidewalk, curb and sewer along the new street. These are not proper elements of damages in proceedings for the assessment of damages for the layout of a street. *Gaylord* v. *Bridgeport,* 90 Conn. 235, 239, 96 Atl. 936.

Where a portion of a tract of land is taken for a public improvement, as in this case, the proper rule for estimating damages has been stated by us as follows: "The true measure of the special damages arising from the defendant's taking which the plaintiffs were entitled to have appraised in favor of the estate, was the difference between the market value of the whole tract as it lay before the taking, and the market value of what remained of it thereafter and the com-

pletion of the public improvement." *Martin* v. *West Hartford,* 93 Conn. 86, 88, 105 Atl. 342. An adherence to the method of computing just damages suggested in that opinion is ordinarily advisable as most likely to lead to a sound conclusion. Where, however, the method adopted leads to the same result which would be accomplished by the application of that rule, the conclusion of the trier must be sustained. *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 215, 146 Atl. 20. In the instant case the trial court has found that the only damage to the appellant was the fair market value of the land actually taken. This is in effect to divide the damages into two elements, one the value of the land taken, and the other, depreciation in the value of the remaining land, found in this case to be nothing. Such a method of determining damages is not necessarily erroneous, as it arrives at the same result as would be reached under the rule quoted above. See *South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301, 68 N. E. 366; *Hauge* v. *La Crosse & S. E. Ry. Co.,* 148 Wis. 288, 134 N. E. 368; *Board of Education of Webster* v. *Corning,* 175 N. Y. Supp. 278; 2 Nichols on Eminent Domain (2d Ed.) p. 727. We cannot therefore find error in the method adopted by the trial court. Nor was it bound to find the front foot value of the lots on Park Road; for, situated as the land was, upon the corner of a new street, the trial court might well have arrived at the valuation it placed upon the land taken by some other method than the use of a rule of valuation by front footage.

The appellant seeks to have the finding corrected so as to state as his damages the difference between the value of the two lots before the improvement based upon front foot value along Park Road, as stated by an expert witness whose testimony is given in the exceptions to the finding, and the front foot value on

that road of the land remaining after the improvement, as stated by the same witness. An examination of the record indicates a failure on the part of the defendant to appreciate the effect of the statements of evidence made in connection with an effort to correct the finding. If the evidence stated by appellant in support of such exception is not all the relevant evidence offered on the trial, any other such evidence should be added by the trial court upon its own motion or upon suggestion of the appellee, and we are bound to assume that the evidence printed is all the relevant evidence upon the matter at issue. *Appeal of St. John's Church,* 83 Conn. 101, 105, 75 Atl. 88; *Rowell* v. *Ross,* 89 Conn. 201, 208, 93 Atl. 236; *Costantino* v. *Lodjiodice,* 93 Conn. 203, 210, 105 Atl. 465. However, in the instant case, this matter is not of moment. The finding of the trial court that the only damages suffered by the appellant was the fair market value of the land actually taken is not attacked. The finding requested would be at variance with this established fact and the trial court could not do otherwise than refuse to make it. Moreover, the damages awarded are more than the amount which could be found if the difference in front foot value along Park Road before the improvement as stated in the testimony of this witness were used as a basis of determining the value of the land actually taken.

There is no error.

In this opinion the other judges concurred.