KATHERINE M. BISSELL ET AL. *vs.* TOWN OF BETHEL.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and DICKENSON, Js.

324

Argued April 22d—decided June 9th, 1931.

*John Keogh* and *John T. Dwyer,* for the appellants (plaintiffs).

*Burton F. Sherwood,* with whom was *J. Moss Ives,* for the appellee (defendant).

BANKS, J.   The appellants are the owners of premises located at the southeast corner of Center and Rector Streets in the town of Bethel.   The selectmen of the town, after due notice to them, established building lines on the north and west of these premises, prohibiting the construction of any building thereon within twenty feet of the south curb line of Center Street, and within thirty-three feet of the center line of Rector Street.   Thereafter the selectmen appointed a committee of three freeholders to assess the benefits and damages to appellants' property resulting from the establishment of the building lines, which committee filed a report in which it found that the benefits and damages were equal.   Upon appeal the Superior Court reached the same conclusion.

The establishment of the building lines, and the assessment of benefits and damages, followed the procedure provided in the Special Act (Special Acts of 1929, p. 636) which authorized the selectmen of the town of Bethel to establish building lines, and no ques-

tion is raised as to the legality of their action. One of the conclusions of the trial court was that, in establishing the building lines, the selectmen acted in the exercise of the police power, and the appellee contends in its brief that a town in the exercise of its police power may establish building lines without compensation to the abutting property owner. In *Windsor* v. *Whitney*, 95 Conn. 357, 111 Atl. 354, we upheld the constitutionality of a Special Act of the General Assembly creating a town plan commission and authorizing it to establish building lines without provision for compensation to property owners, as being a legitimate exercise of the police power of the State as distinguished from the power of eminent domain. The Special Act under which the town authorities were acting here does not authorize the establishment of building lines without compensation to the property owner. On the contrary it specifically provides for the assessment of benefits and damages occasioned by such action, and for an appeal to the Superior Court by any person aggrieved by such assessment. This is the procedure uniformly provided in municipal charters in the case of the establishment of building lines, and it is clear that in acting thereunder the municipality is exercising the right of eminent domain. It cannot claim, when it institutes such proceeding for the assessment of benefits and damages, that the property owner is not entitled to compensation if his damages exceed his benefits, on the theory that it is acting in the exercise of the police power.

The trial court was therefore inaccurate in its statement that the action of the selectmen was in the exercise of the police power if by that statement it intended that they were not exercising the right of eminent domain, and that the town was not bound to compensate the property owners for any excess of

damages over benefits. That it did not so rule is apparent from its finding that the benefits accruing to the property of the appellants fully equaled the damages and its statement of the converse of the proposition in its conclusion that the damages to the appellants' property by reason of the establishment of the building lines did not exceed the benefits.

The court having found that the benefits and damages to appellants' property were equal, it is their contention that this imports a finding of substantial damages to the property and of an equal amount of benefits, and that the latter conclusion is not supported by the subordinate facts, and further that there was no evidence in the case that the property was benefited in any way by the establishment of these building lines. There is in such proceeding no physical taking of the land between the building line and the street, though the owner is deprived of the right to build upon it. In many cases the benefits and damages are no doubt equal, since the land that is left is still available for building purposes, and may be increased in value by the improvement to the street as a whole. That such was the case here appears from the evidence that was certified in support of the motion to correct the finding. There was evidence that the setting back of the building line did not affect the value of the appellants' property, and evidence, including a map and photograph, to support the finding of the court that to permit building to the sidewalk line would be a detriment to the appearance of the property, would seriously affect its value, and that the establishment of the building line enhanced the value of the entire property.

The appellants further contend that the court erred in failing to find the amount of benefits and damages by separate determination, and cite *Newton's Appeal*,

84 Conn. 234, 79 Atl. 742, in support of their claim that the amount of damages to be awarded and of benefits to be assessed must be separtely determined. That seems to be the procedure authorized under the Hartford charter, but as we pointed out in *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 215, 146 Atl. 20, that procedure reaches the same result as the rule established in *Martin* v. *West Hartford,* 93 Conn. 86, 88, 105 Atl. 342, that the true measure of the compensation to which the property owner is entitled is " 'the difference between the market value of the whole tract as it lay before the taking, and the market value of what remained of it thereafter and after the completion of the public improvement.' " The ultimate fact to be determined is the net amount of compensation to the landowner for the loss caused to him by the taking of his property and the carrying out of the public improvement. *Heublein, Inc.* v. *Street Commissioners, supra.* The Special Act contemplates a separate appraisal of damages and assessment of benefits, and ordinarily this procedure should be followed. The method adopted in this case has, however, reached the same result as though the procedure outlined in the Special Act had been adopted, and no injustice appears to have been done the appellants by the method followed. The conclusion of the trial court was correct. *Young* v. *West Hartford,* 111 Conn. 27, 34, 149 Atl. 245.

Any correction of the finding which could justifiably be made would not affect the result and none of the reasons of appeal raise questions which require further discussion.

There is no error.

In this opinion the other judges concurred.