JOHN GABRIEL *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 4—decided June 4, 1943.

*John W. Joy,* for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

DICKENSON, J. The Hartford-New Haven turnpike runs north and south. The Hartford by-pass starts in East Hartford, crosses a new bridge over the Connecticut River, turns in a southwesterly direction and, after several miles, merges with the Hartford-New Haven turnpike in Wethersfield at the plaintiff's property. It appears from the referee's report that this property consisted of a tract of land containing about twenty-eight acres with a house and outbuildings located on the west side of the turnpike. The defendant took as of February 3, 1941, a triangular strip of the land fronting six hundred and fifty-four feet on the turnpike, sixty-six feet in depth at the north end and running southerly to a point at the highway. The

acreage of the strip was forty-one hundredths of an acre and the westerly taking line ran through the plaintiff's house, necessitating its removal. The defendant assessed as damages to the plaintiff $2000, and as benefits $3000. The new highway is a dual-lane concrete road; the lanes are twenty-six feet wide, with a separation strip between. The improvement will cause no change of grade which will materially affect access to or the use and value of the plaintiff's remaining land. No access to this highway from land of adjoining owners will exist for some distance beyond the Connecticut River bridge. The plaintiff's land will therefore be the first location available for roadside business for several miles. This fact will increase its usefulness and value for that purpose. The fair market value of the property before the taking was $11,850 and afterwards $10,750, and the plaintiff is entitled to $1100 damages.

The plaintiff filed a remonstrance to this report on the grounds that certain facts were found without evidence and that the only evidence of increase in value for roadside business "had in contemplation a use for a gasoline station," which use was prohibited for the duration of the war. The trial court overruled the remonstrance but, before final judgment was entered, allowed the plaintiff to amend his remonstrance by alleging more specifically that at the time of the hearing and since then a ruling of an agency of the United States government prohibited the opening of any new business during the war; that the existence of this ruling made the use of his land for business purposes impossible at present, and that therefore its use for such purposes in the future was too speculative to form a basis of value. The trial court overruled the amended remonstrance pro forma and accepted the referee's report. The plaintiff appealed, assigning as

error the acceptance of a report in which value was based upon a prohibited use of the property for a gasoline station; that lack of access was not taken into consideration; that the finding of no change of grade was contrary to the evidence; that the cost of removal of buildings was not taken into account; that the value of the property as a farm was not considered; and that the balance between damages and benefits was inadequate on the evidence.

On the date first assigned for hearing before the referee (May 5, 1941) it appeared that, through inadvertence, the writ had not been returned to court, but by agreement of counsel evidence was heard on that day, the procedural defects were subsequently remedied and on October 27, 1941, the parties appeared before the referee and stipulated that the evidence previously taken be considered as having been taken on that date. Counsel for the plaintiff then stated that he had heard over the telephone of a governmental order issued October 9 prohibiting the building of gasoline stations. The referee asked the plaintiff's counsel to send him a copy of the order. The referee's report was filed November 19, 1941. It does not appear that he received a copy of the order, nor is there any copy of such an order in the record before us.

In oral argument before us the parties assumed the existence of some such order without calling it to our attention or asking us to take judicial notice of it. We do not propose to do this on our own initiative in view of the multitude of governmental departments and the orders issued therefrom. The existence of an order of the character suggested would not affect the result in this case, however. It is the settled law of the state that damages are ordinarily determined as of the time of the taking. *Andrews* v. *Cox*, 127 Conn. 455, 458, 17

Atl. (2d) 507; *Fox* v. *South Norwalk,* 85 Conn. 237, 243, 82 Atl. 642. The plaintiff claims that the rule is subject to exceptions, relying on Orgel, Valuation under Eminent Domain, p. 88, § 26. Certain apparent exceptions, indeed, are noted by the author, but they have neither the force of law nor are they applicable in reason to the instant case.

As to failure of the referee to take into account the cost of removal or destruction of the plaintiff's buildings, there was no subordinate finding as to this cost and no motion was made to recommit the report to have it added. *State* v. *Giant's Neck Land & Improvement Co.,* 118 Conn. 350, 355, 172 Atl. 861. It is to be assumed that the cost was included in the ultimate estimate of damage. The claims that there was a finding of no change of grade and that the referee failed to take into consideration the lack of access from the highway to the plaintiff's land are not tenable. The finding was that there was no change of grade that would materially affect the use and value of the land as compared with the situation previously existing, and it appears that in addition to several hundred feet of frontage on the highway not affected by the taking the plaintiff had some three hundred feet where the change in grade was six inches or less. The referee might well have found in these circumstances that the change would not materially affect the indicated uses. The claim that the referee failed to consider the value of the land as a farm has been answered by the plaintiff himself and the expert witness called by him. The former testified he was unable to make a living on his property as a farmer and the latter that the property could not "be classed as a farm."

As to the ultimate claim of the plaintiff that the balance between the damages and benefits was inade-

quate. and not supported by the evidence, there is nothing to indicate that the referee failed to apply the proper measure of damages, that is, "the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value." *Lefebvre* v. *Cox*, 129 Conn. 262, 265, 28 Atl. (2d) 5; *Andrews* v. *Cox*, 129 Conn. 475, 478, 29 Atl. 587.

There is no error.

In this opinion the other judges concurred.