## ARTHUR W. SORENSEN *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 2—decided February 13, 1946.

*Robert J. Woodruff* and *William Dimenstein,* for the appellant (plaintiff).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

BROWN, J. This is an appeal from an appraisal of damages by the state highway commissioner, proceeding under the authority of § 1528 of the General Statutes, for the taking for trunk highway purposes of 29.88 acres of the plaintiff's property in Woodbridge together with drainage rights over certain of his remaining land. The court accepted the report of the state referee to whom the case had been referred, by which damages for the taking were reassessed at $6391, and rendered judgment therefor in favor of the plaintiff, who has appealed.

The facts as found by the referee are undisputed and in so far as material may be thus summarized: Prior to the taking, the plaintiff owned a 114.5 acre dairy farm in Woodbridge consisting of a single tract with house, large barn, and other buildings. From it the highway commissioner took for the layout and construction of the Wilbur Cross Parkway the southerly portion, consisting roughly of a parallelogram 2720 feet long and containing 29.88 acres. The tract was vacant land located thirteen hundred feet from the buildings on the remaining tract. The taking also included the right to drain water upon the plaintiff's remaining land at two places. Of the land taken, 12 acres is more or less tillable and is of the fair market value of $275 per acre, a total of $3300; and 17.88 acres is pasture and woodland worth $75 an acre, a total of $1341. The grade of the parkway when constructed will vary from 12.4 feet below to 43.2 feet above the adjoining land. No damage from noise or from traffic in consequence of the construction of the parkway will result to the plaintiff's remaining land. The consequential damage to the land not taken and to the buildings and equipment thereon and the use made thereof, which is the most practicable and profitable use to be made of the property, amounts to $1500.

The damage resulting from the drainage rights taken, including the incumbrance on the remaining land, is $250. The total damage resulting from the taking is $6391.

The plaintiff filed a thirteen-paragraph remonstrance to the report of the referee to which the defendant demurred. The court sustained the demurrer and rendered judgment for the plaintiff for $6395 and costs. The demurrer was properly sustained as to ten of the paragraphs on the ground that they presented nothing for the court to consider in the absence of the evidence, and to two others because they were immaterial. The sole question for decision, by reason of the court's ruling on the remaining paragraph, is whether the referee erred in that he did not arrive at the damages for the land taken by determining the value of the farm before and after the taking. It is true that "It is one of the general rules governing the right of eminent domain, that just compensation for taking a part of a parcel of land, or an easement in such a part, is to be ascertained by comparing the value of the entire parcel before the taking with the value of what remains after the taking, and in view of the new conditions created by the taking. If the latter of these two values be less than the former, the amount of the difference measures the damages to be paid." *New York, N. H. & H. R. Co.* v. *New Haven,* 81 Conn. 581, 583, 71 Atl. 780; *Stock* v. *Cox,* 125 Conn. 405, 418, 6 Atl. (2d) 346. More recently in restating the rule we have said that the proper measure of damages is "the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be

held to affect market value." *Lefebvre* v. *Cox*, 129 Conn. 262, 265, 28 Atl. (2d) 5; *Andrews* v. *Cox*, 129 Conn. 475, 478, 29 Atl. (2d) 587; *Gabriel* v. *Cox*, 130 Conn. 165, 170, 32 Atl. (2d) 649. The fact that this is the general rule is not, as argued by the plaintiff, necessarily conclusive that no valid award can be made unless the value of the entire parcel before the taking and the value of what remains after are expressly found.

This is evident from the language this court has used repeatedly in disposing of similar cases. It is established by these decisions that, even though the court does not apply the before and after rule, if the result it reaches gives to the plaintiff all the damages to which he is entitled he cannot claim error because the trier adopted the method followed by the referee in this case. *Heublein, Inc.* v. *Street Commissioners*, 109 Conn. 212, 215, 146 Atl. 20; *Bissell* v. *Bethel*, 113 Conn. 323, 327, 155 Atl. 232; *Young* v. *West Hartford*, 111 Conn. 27, 34, 149 Atl. 205; see *South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301, 68 N. E. 366; *Hauge* v. *La Crosse & S. E. R. Co.*, 148 Wis. 288, 134 N. W. 368; 2 Nichols, Eminent Domain (2d Ed.), p. 727. Accordingly, what we stated as to the defendant in *McGrath* v. *Waterbury*, 111 Conn. 237, 242, 149 Atl. 783, holds good as to the plaintiff in this case: "It is true that the court did not specifically find the value of the property before and after the taking, but we cannot see how its failure to do this can be regarded as working any harm to the defendant." The danger in determining the amount of damages by the method used by the referee here, that is, valuing the portion taken and adding to it the damages to the remaining land from the taking, is that the land taken may be valued as a portion of the whole, with consequential damage from the taking included, rather than as an

independent entity, the result being a duplication of this element in the award. Orgel, Valuation under Eminent Domain, p. 218. This danger has been eliminated in the instant case by the referee's evaluation of the land taken as a separate and distinct piece of property. The sum of $6391 awarded by the referee represented the total of the loss suffered by the plaintiff from the taking of the land, from the damage to the remaining land due to that taking, and from the injury resulting from drainage upon the remaining land; and the record suggests no other elements of damage to him. We would emphasize the fact, however, that it is much better in such a case as this to use our usual and accepted method under the before and after rule.

The final assignment of error is that the court refused to make a finding of facts as requested by the plaintiff. There are two answers to this claim. Failure of the trial court to make a finding is not ground for assigning error. Conn. App. Proc., p. 190; *Archambault* v. *Jamele,* 99 Conn. 21, 22, 120 Atl. 722. But this aside, since the trial court heard no evidence, there was no basis upon which it could make a finding. *Dion* v. *Dion,* 128 Conn. 416, 417, 23 Atl. (2d) 314.

There is no error.

In this opinion the other judges concurred.