GEORGE C. MORGAN, EXECUTOR (ESTATE OF ELIAS F. MORGAN) *v.* G. ALBERT HILL, HIGHWAY COMMISSIONER

JENNINGS, BALDWIN, INGLIS, O'SULLIVAN and BORDON, JS.

Argued June 5—decided July 15, 1952

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *George C. Conway,* attorney general, for the appellant (defendant).

*William J. Willetts,* for the appellee (plaintiff).

O'SULLIVAN, J.  On May 5, 1949, the defendant,

acting under §§ 2239 and 2264 of the General Statutes, filed an appraisal of damages for the taking of access to a public highway from realty standing in the name of the plaintiff's decedent. Damages were set at $500. The plaintiff applied to the Superior Court for a reassessment. § 2267. The court appointed a state referee for that purpose. After holding a protracted hearing and inspecting the premises, he filed a report wherein he found that damages for the taking were $14,240. The defendant's remonstrance was overruled by the court and the report was accepted. From the judgment rendered thereon the defendant has appealed.

The referee found the following undisputed facts: Two tracts of land in the town of Waterford stand in the name of the plaintiff's decedent. They abut on the Boston Post Road, a state highway, and are directly opposite each other. The northerly tract contains 3.65 acres; the southerly, 33.4 acres. The former fronts on the highway for 1220 feet; the latter, for 1320. The land in each is at grade with the highway at certain points. At others, it varies from nine feet below to twenty feet above. Because of its elevation above sea level, the property commands a splendid view in all directions and it has good natural drainage. It is located in an accessible section less than two miles west of the New London boundary line. The most adaptable use for the smaller tract and for that part of the larger which borders on the highway is commercial. The Post Road is heavily traveled in this vicinity and locations on it are being acquired for business purposes. The remainder of the acreage in the southerly tract is available for residential development.

On May 5, 1949, the defendant took the access to and from the tracts for the entire distance along

which they front on the Post Road. Access is now limited to the use of Tyke Lane, a country way bounding both tracts on the east. In addition thereto, the northerly tract may be reached from the west by an oiled country road leading off the Post Road. As indicated above, the foregoing facts are not in dispute. What the defendant challenges is the referee's further finding that the fair market value of the northerly tract was $13,760 before and $6880 after the taking, and that that of the southerly tract was $14,720 before and $7360 after. While the defendant's assignments of error are phrased in various ways, they all present the claim that there was no evidence submitted to the referee which could support the values found.

The case at bar presents another of countless instances where an unsuccessful litigant, still unconvinced, renews in this court his previous, fruitless effort to discredit the evidence submitted by his opponent. Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. *Appeal of Cohen,* 117 Conn. 75, 81, 166 A. 747; *Fox* v. *South Norwalk,* 85 Conn. 237, 242, 82 A. 642. It was the prerogative of the referee to accept the testimony of the plaintiff's experts rather than that offered by the defendant's. The exercise of this right would be reviewable if it were apparent that the referee had misapplied or overlooked, or had given a wrong or improper effect to, some test or consideration which it was his duty to regard. *Parker* v. *Avery,* Kirby 353. There is nothing in the record to warrant the application of this principle.

The defendant maintains that no single expert evaluated the damages as high as the referee. If

we assume this to be so, it does not follow that the amount fixed by him was without evidential support. Two of the plaintiff's witnesses, Dorsey and McGinley, had been engaged in the real estate business in the neighborhood in question, one for thirty and the other for forty-four years. Each determined the value of the property on a front foot basis. Dorsey testified that the footage of the northerly and southerly tracts had been worth $8 and $12, respectively, and that the taking had reduced the value by 50 per cent. McGinley, on the other hand, set comparable figures of $12 and $15, respectively, but he was of the opinion that the loss of access reduced the value by one-third.

A trier's acceptance and use of the testimony of a witness on some points does not preclude its rejection on others. *Caplan* v. *Arndt,* 123 Conn. 585, 586, 196 A. 631; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 461, 196 A. 145; *Roberti* v. *Barbieri,* 105 Conn. 539, 542, 136 A. 85. The referee was privileged, if it seemed reasonable, to accept the higher value on the footage, as set by McGinley, and the greater percentage reduction in value from loss of access, as set by Dorsey. The referee adopted this course in arriving at his estimate of damage to the northerly tract. As to the southerly, the testimony of Dorsey taken alone supports the conclusion of the referee. The evidence on which he thus had a right to rely was ample to support his finding of damages.

The further claim of the defendant that the evidence of the experts was based solely on values as of the time of the hearing rather than as of the date of the taking is not borne out by the transcript. The claim is without merit.

There is no error.

In this opinion the other judges concurred.