NORTHEASTERN GAS TRANSMISSION COMPANY ET AL.
*v.* VIRGINIA EHRHORN ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued January 7—decided February 4, 1958

*Arthur C. Williams,* with whom, on the brief, was *Daniel F. Wheeler,* for the appellants (plaintiffs).

*Seymour Framson,* for the appellee (named defendant).

DALY, J. This is an appeal by the plaintiffs from a judgment accepting the report of a second com-

mittee, appointed after the report of the first committee was rejected, in condemnation proceedings to obtain easements for a natural gas transmission line under the provisions of § 2620d of the 1955 Cumulative Supplement to the General Statutes.

The named plaintiff, in and by its petition to the Superior Court, alleged that it was necessary for it to acquire a permanent easement and right of way thirty feet in width and a temporary easement ten feet in width on each side of the permanent easement through and across land of the named defendant, hereinafter called the defendant, in the town of Westport. The Tennessee Gas Transmission Company, acquirer of all of the pipe lines and appurtenant facilities of the named plaintiff, was added as a party plaintiff. The court appointed a committee of three disinterested persons to view the property, hear the evidence, assess just damages to the defendant and report their doings to the court. The committee filed a report, an amended report and a memorandum assessing damages in the sum of $196.01. This sum included $71.01, the cost of repairing damage caused by the plaintiffs to a driveway upon the defendant's property, and $125, the "difference between the market value of the whole tract as it lay before the taking and what remained of it thereafter." After a hearing on the defendant's exceptions to the amended report, the court, by an interlocutory judgment, rejected the report. One of its stated reasons for doing so was that there was no evidence to support the committee's finding that $125 was the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter. The court appointed a new committee. The second committee filed a report finding that the difference be-

tween the value of the defendant's premises before the taking of the easements and the value afterwards was $2000. The plaintiffs took exception to the report of the second committee and to its acceptance on the ground that the court should have accepted the report of the first committee and that the proceedings of the second committee were a nullity and of no effect.

In their assignment of errors the plaintiffs allege that the court erred in rejecting the report of the first committee, in appointing the second committee and in accepting the report of that committee. Since in their brief they have pursued only the first of these claims, we consider the others as abandoned. *Mims* v. *Kingsley,* 145 Conn. 7, 10, 138 A.2d 520. The sole question for our determination is whether the court erred in rejecting the report of the first committee on the ground that there was no evidence to support its conclusion that $125 was the amount of the "difference between the market value of the whole tract as it lay before the taking and what remained of it thereafter." The plaintiffs' land is 1.9 acres, more or less. It has a residence upon it. The only evidence offered on the question of damages, at the hearing before the first committee, was the testimony of the plaintiffs' expert witness. He testified that he had made an appraisal of the damages; that there was no depreciation in the market value of the residence; that the fair market value of an acre of land at the location in question before the taking was, in his opinion, $4000; that the amount of land involved in the taking of the permanent easement was three hundredths of an acre; that he "applied three hundredths of an acre price to the acreage price"; that three hundredths of $4000 is $120, or $125 "simply to round out the figure."

The proper measure of damages is the difference between the market value of "the whole tract" as it lay before the taking and the market value of what remained of it thereafter. *Gabriel* v. *Cox,* 130 Conn. 165, 170, 32 A.2d 649. The testimony of the plaintiffs' expert witness, as outlined above, did not amount to evidence as to that difference in value. Thus there was no evidence to support the conclusion of the first committee that $125 was the amount of the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter. Consequently, the court did not err in rejecting the report.

There is no error.

In this opinion WYNNE, C. J., KING and MURPHY, Js., concurred.

BALDWIN, J. (dissenting). The report of the first committee appointed should have been accepted. The memorandum filed by the committee with its report stated the rule set forth in *Gabriel* v. *Cox,* 130 Conn. 165, 170, 32 A.2d 649, cited in the majority opinion. In its report the committee found the difference in the market value of the land before the taking and its market value afterwards to be $196.01 and assessed damages in that amount. It arrived at this figure by adding to the sum of $125, which it could have found was the actual value of the three hundredths of an acre of land taken, an acre being valued at $4000, the sum of $71.01, which it found was the cost of repairing a driveway. See *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.,* 144 Conn. 509, 515, 134 A.2d 253. The plaintiffs' real estate expert testified that $125 was fair compensation. The committee did not have to accept the value of the land taken as the only element of damage contrib-

uting to a lower market value. *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.*, supra, 512. It was within its discretion to accept the expert's testimony as to the value of the land actually taken and, at the same time, to find additional elements of damage which depreciated the market value. *Morgan* v. *Hill,* 139 Conn. 159, 162, 90 A.2d 641. It could have concluded, as it did, that there was no damage to the residence on the land. The committee also properly rejected a claim for loss of prospective rent stated to be in the amount of $1800. Such a loss is not recoverable as a separate item but can be considered only as affecting the market value. *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 687, 67 A.2d 851; *Housing Authority* v. *Lustig,* 139 Conn. 73, 76, 90 A.2d 169. The defendant offered no evidence as to the difference in the market value of the property before the taking and its value afterwards. The burden of establishing substantial damages was upon the property owner. *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 246, 52 A. 947, 53 A. 57; 2 Lewis, Eminent Domain (3d Ed.) § 645. Under the circumstances of this case, the method of assessing damages followed by the first committee was proper. *Young* v. *West Hartford,* 111 Conn. 27, 34, 149 A. 205; *Sorensen* v. *Cox,* 132 Conn. 583, 586, 46 A.2d 125.