LOUISE G. SMITH *v*. DELAVAN P. SMITH ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 13—decision released February 10, 1981

*John P. Febbroriello,* with whom, on the brief, was *Peter C. Herbst,* for the appellant (defendant).

*Martin J. Gersten,* with whom, on the brief, was *Robert V. Cimmino,* for the appellee (plaintiff).

PER CURIAM. The plaintiff and the defendant were married on December 2, 1967, separated on January 8, 1973, and divorced on June 14, 1974. In the fifth count of the amended complaint, the plaintiff alleges that the defendant prior to or on or about December 10, 1971, forged or caused to be forged her signature on a warranty deed (hereinafter the deed) which conveyed to the defendant ownership of her real property situated on the westerly side of Dibble Hill Road, Cornwall. The defendant held the deed from December, 1971, to December 5, 1972, before recording it and then transferred the property to Tryson Associates, Inc., just prior to filing for divorce in New York on April 10, 1973. After a trial, the court found the deed to be a forgery, void and not binding upon the plaintiff and rendered judgment in her favor. The defendant appeals claiming that the court erred in ruling that the deed was a forgery and therefore void.

As the evidence is conflicting, the case turns entirely on the question of credibility. Roy Jepsen, the defendant's handwriting expert, testified that the signature on the deed was that of the plaintiff. Jean P. Pond, a witness on the deed, testified that she recognized the signature on the deed to be that of the plaintiff and that the plaintiff signed the deed in front of her. Dorothy L. Paulson, the other witness on the deed, testified that the plaintiff signed the deed in front of her. Marcia Racine (Marcia E. Johnson), the notary public on the deed, testified that she acknowledged the plaintiff's signature on

the deed after asking for identification with a signature. The defendant testified that the plaintiff signed the deed in front of him.

Henry A. Silver, the plaintiff's handwriting expert, testified that the plaintiff did not sign the deed and that the deed was a forgery. The plaintiff testified that she did not sign the deed and did not appear before the two witnesses, Pond and Johnson, or before the notary.

The sifting and weighing of evidence is peculiarly the function of the trier. "[N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." *Steinman* v. *Maier*, 179 Conn. 574, 576, 427 A.2d 828 (1980), quoting *Toffolon* v. *Avon*, 173 Conn. 525, 530, 378 A.2d 580 (1977); *Morgan* v. *Hill*, 139 Conn. 159, 161, 90 A.2d 641 (1952). The trier has the witnesses before it and is in the position to analyze all the evidence. The trier is free to accept or reject, in whole or in part, the testimony offered by either party. *Toffolon* v. *Avon*, supra, 530.

The trial court found that the plaintiff did not sign the deed; that the plaintiff did not sign the deed before or in the presence of Pond or Paulson; and that the plaintiff did not appear before the notary and did not acknowledge the signature on the deed. It was the prerogative of the trial judge to accept the testimony of the plaintiff and her expert witness rather than that offered by the defendant and his witnesses. The exercise of this right would be reviewable if it were apparent that the trial judge had misapplied or overlooked, or had given a wrong or improper effect to, some tests or consideration

which it was his duty to regard. There is nothing in the record to warrant the application of this principle. *Morgan* v. *Hill,* supra, 161.

There is no error.