[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO SET ASIDE VERDICT (#125) AND OBJECTION TO MOTION TO SET ASIDE VERDICT (#126)
(#125)
The jury returned a defendant's verdict.
(a)
This was a case involving contributory negligence. The conflicting evidence entitled the jury to find that the defendant was more than 50% negligent himself.
(b)
The photograph offered by the plaintiff and excluded by the court did not ratify the necessary foundation of "before and after." It did not present either a fair and accurate or a substantial representation of physical damages to the vehicle.
 The case at bar presents another of countless instances where an unsuccessful litigant, still unconvinced, renews in this court his previous, fruitless effort to discredit the evidence CT Page 4637 submitted by his opponent. Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. Morgan v. Hill, 139 Conn. 159, 161 (1952).
Motion denied.
(#126)
This objection relies on the rule recited in Small v. South Norwalk Savings Bank, 205 Conn. 751 (1988).
Objection sustained.
JOHN N. REYNOLDS STATE TRIAL REFEREE