[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion for a deficiency judgment was filed by the plaintiff, Farmers and Mechanics Bank against the defendants, Phillip B. Kneller and Edward J. Przybysz.
After a full evidentiary hearing held to establish a valuation and for a deficiency judgment, the court finds by a preponderance of the credible, relevant and admissible evidence the facts as follows.
On October 5, 1993, this court (Higgins, J.) entered a judgment of strict foreclosure of a mortgage and set October 28, 1993 as the law day for the owners of the equity of redemption, the defendants.
At the time of the entry of said judgment, the debt owed the plaintiff was found to be $235,990.13 which included attorneys' fees of $2,500.00 and costs taxes at $1,176.30.
The defendant owners, have failed to redeem on their assigned law day. Accordingly, title to the subject premises vested in the plaintiff on October 29, 1993.
The instant motion for a deficiency judgment was filed on November 2, 1993, which is within 30 days after the time limited for redemption had expired, thereby Conforming to the mandates of General Statute 49-14(a). CT Page 9569
The court heard the evidence of three appraisers, all qualifying as experts.
Charles M. Burr, III testified for the plaintiff and opined that the value of the mortgaged premises was $160,000.00
Richard H. Barry testified for the defendants and valued the subject property at $230,000.00. Charles M. Burr, III employed the market data approach which utilizes as its premise a comparison of the subject property with other properties of a similar design, utility, use and location, that have been sold in the recent past. Adjustments are then made to the sales of the comparable properties in order to arrive at the fair market value of the subject property at the date of the vesting of title in the plaintiff. Richard H. Barry applied both the market data approach and the income capitalization approach.
The mortgage foreclosed, involving the subject property, was in the fact amount of $205,000.00.
In evaluating real property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of witnesses but is to make a determination in light of all of the facts and circumstances. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12,21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123,438 A.2d 842 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc.v. Manchester, supra, 221. Ultimately, the determination of value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959). See Also, Filipetti v. Filipetti,2 Conn. App. 456, 459 (1984).
Guided by the principles of law enunciated in the foregoing cases and applying them to the facts and circumstances in this case, the court finds the value of the real property, subject to CT Page 9570 the foreclosure, to be in the amount of $180,000.00.
The judgment debt at the date of vesting was $235,990.13, and the court allows additional attorneys' fees of $5,000.00[.]
Judgment may enter jointly and severally against both defendants in the amount of $60,990.13 plus legal interest thereon from October 29, 1993.
O'CONNELL, J.