[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT (#116)
Summary judgment as to liability only was granted in favor of plaintiff on December 19, 1994. Plaintiff offered to stipulate to a judgment in the amount of $49,900.00, which sum included all costs to June 8, 1995 (#111). Defendant offered "to the plaintiff to take judgment for the sum of $25,000.00, inclusive of costs and interest" on August 30, 1995.
A jury was selected and a hearing in damages was provided. The jury returned a verdict on September 1, 1995 awarding plaintiff:
"1. Fair, just and reasonable compensation for the plaintiff . . . in accordance with the following calculations for the plaintiff's injuries:
 a. economic damages $15,000.00 b. noneconomic damages -0- ---------- Total damages $15,000.00
On September 5, 1995 plaintiff filed her Motion to Set Aside Verdict, to which defendant filed objection and amended objection.
Plaintiff contends that this verdict should be vacated and set aside as contrary to the law and evidence. Her contention is refined in her brief as follows:
"The sole issue is, whether based on the facts . . . an CT Page 11312 award of economic damages with an award of $0 for noneconomic damages is inadequate as a matter of law."
Defendant's position is that this plaintiff's verdict with an award of economic damages of a certain amount and a finding of "$0" noneconomic damages ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove noneconomic damage, as defined in C.G.S. § 52-572h(a)(2):
 "`noneconomic damages' means compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering."
In this case the jury specifically awarded $15,000.00 in economic damages, but declined to award any noneconomic damages. There is no apparent conflict in the verdict creating any ambiguity or inconsistency as a matter of law.
Plaintiff and two witnesses testified concerning her post accident activities and restricted ability to work on the same scale as she worked prior to the accident on March 20, 1992.
Plaintiff's exhibits consisted in part of 15 hospital, medical, x-ray, physical therapy and medical consultation reports and bills. It must be noted that the accident was on March 20, 1992 and she was not examined by her Orthopedic Surgeon, Dr. Dario R. Nolasco until July 29, 1993 and not examined by her thoracic and cardiovascular consultant until August 5, 1993. She had physical therapy treatment until August 3, 1992. By letter dated October 28, 1993 Dr. Harold Stern (thoracic consultant) noted:
 "In terms of a degree of functional disability, I would feel that a 5% loss of use of the right hemithorax would be appropriate. It is very difficult to determine this with any great degree of accuracy."
Both parties specifically articulated to the jury during closing arguments, in lump sum or by mathematical formulae, the amount of economic and noneconomic damages claimed to be recoverable. C.G.S. § 52-216b(a). Each party fully and adequately reviewed all the evidence and claims for damages.
The court instructed the jury that sums or mathematical CT Page 11313 formulae articulated are not evidence but only arguments and that the determination of the amount of damages to be awarded, if any, is solely the jury's function. C.G.S. § 52-216b(b).
A jury may award a plaintiff less than the claimed damages. The common law of this state does not recognize the principle that awards limited to economic damage are inadequate as a matter of law and must be set aside, or the principle that a fact finder must award noneconomic damages each time it awards economic damages.
 "The legislature reflects an intention that juries should separately determine awards of economic and noneconomic damages and does not hint of a requirement that an award of such type of damages necessarily requires an award of the other type of damages."
Childs v. Bainer, 235 Conn. 107, 122 (1995).
On the evidence this jury could reasonably have decided as they did. The evidence viewed in the light most favorable to the defendant reasonably supports the jury's verdict. Justice Berdon in Barbieri v. Taylor, 37 Conn. Sup. 1 (1980) enumerates the test to be applied to determine if a verdict should be set aside. There is no basis to compel a conclusion that this jury were influenced by partiality, prejudice, mistake or corruption.Barbieri, p. 3.
 "The case at bar presents another of countless instances where an unsuccessful litigant, still unconvinced, renews in this court his previous fruitless effort to discredit the evidence submitted by his opponent. Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony."
Morgan v. Hill, 139 Conn. 159, 161 (1952).
The motion to set aside is denied.
John N. Reynolds, State Trial Referee. CT Page 11314