[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
FACTS
In response to the plaintiff's action on a promissory note secured by a mortgage, the defendants have asserted two special defenses and two counterclaims. The defendants do not deny executing the note and mortgage.
In the course of the hearing on the plaintiff's Application For Prejudgment Remedy, the defendants sought to introduce a commitment letter from the plaintiff to the defendants, along with certain oral promises allegedly made by the plaintiff.
 I
The defendants argue that their proffered evidence should not be excluded by the parol evidence rule because the note and mortgage do not constitute the entire agreement between the
The basic fallacy in this proposition is that the note and mortgage can be considered a complete agreement in themselves and it is only the defendants' parol evidence and their version of the status of the commitment letter which suggests any deficiency, ambiguity or alternative meaning. It is significant that the letter pre-dates the note and mortgage and there is a presumption that the last documents comprise the final agreement of the parties.
Actually, the defendants seek to inject into the note conditions concerning repayment and the plaintiff's right to call the loan, items addressed in the note they admitted signing. CT Page 1365-CCC Again, it is presumed they knew what they were signing.
 II
The defendants have not shown that the proffered evidence should be permitted as one of the exceptions to the parol evidence rule. Evidence would be admissible to explain an ambiguity, to prove a collateral agreement not varying the written agreement, to add a term which has been omitted in error, or to show mistake or fraud. Jay Realty, Inc. v. Ahearn Development Corp., 189 Conn. 52,55-56 (1983).
The defendants' claim here is that the parol evidence is necessary to illustrate the entire agreement. However, the note deals with the subject matter to which the letter refers and there is a complete agreement without resorting to its contents. Cohenv. Dun, 111 Conn. 33, 347 (1930); Tie Communications Inc. v. Kopp,208 Conn. 281, 288-289 (1991)
 III
The commitment letter would not explain an ambiguity or prove a collateral oral agreement but rather would create an agreement inviting speculative interpretations. The plaintiff's right to call the loan either on demand or on default, as set out in the note, may now strike these defendants as harsh, but these remedies are not before the Court to be evaluated for their purity of purpose. (It should be noted that the defendants fell into default for not paying the real estate taxes the note and mortgage called for them to pay, hardly a novel requirement).
 IV
Even if the Court were to adopt the defendants' theories and permit a parol evidence exception, it would still be the Court's conclusion that there is probable cause to believe that the plaintiff has a valid claim and that it will prevail.
As the plaintiff notes in its brief, the plaintiff "does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Tyler v. Schnable,34 Conn. App. 216, 219 (1994).
CONCLUSION
CT Page 1365-DDD
The plaintiff's Application For A Prejudgment Remedy is granted.
Anthony V. DeMayo State Trial Referee