[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT (4/23/96)AND OBJECTION TO MOTION TO SET ASIDE VERDICT (4/26/96)
In Barbieri v. Taylor, 37 Conn. Sup. 1 (1980), Judge Berdon presented the basic law that addresses these motions.
 "In order to determine whether the verdict should be set aside, the evidential underpinnings of the verdict itself must be examined.'" Barbieri, p. 4.
Plaintiff and one defendant were present at the time and place of the plaintiff's fall. The named defendant husband saw the stairs when he opened the Bilco door for the plaintiff and saw the stairs at the time of the fall.
The incident happened on November 5, 1988.
An investigator for the plaintiff saw the stairs for the first time on May 16, 1994. Rubber mats had been installed on or about January 1989. The investigator testified as a safety expert and professional engineer. CT Page 4134
By way of Jury Interrogatory, the jury unanimously returned the following response:
 "1. Do you find a defect on the staircase where plaintiff claimed he fell?
Yes _____ No __X__ "
The jury decides the issue of credibility of the witnesses and determines the answer to the interrogatory from the "evidentiary underpinnings" before them. Basically the jury believed the defendant who was present and saw the stairs and the time and place of the incident. By way of speculating we can conclude the jury chose to disregard or attribute little weight to the plaintiff's expert or the plaintiff himself.
Barbieri states in part: (page 2)
 "A serious constitutional issue can be raised by setting aside a verdict of the jury. In a case such as this, [l]itigants have a constitutional right to have issues of fact decided by the jury. (Citations omitted.) The right to a jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." (Citations omitted.)
The court cannot find that this verdict "does manifest injustice, and is palpable against the evidence." Barbieri, p. 3. There is no evidence or inference that the jury were influenced by partiality, prejudice, mistake or corruption.
Plaintiff presents his theory that because the jury requested a rereading of the charge on "notice" and then returned their answer to the interrogatory that the stairs "were not defective", was fundamentally inconsistent and clearly suggests confusion. This is a theory based on self-serving speculation.
Plaintiff presents his second theory that because the defendant installed rubber mats on the stairs some two months after the fall, he was denied the opportunity by way of his inspection on May 16, 1994 (five years plus after November 5, CT Page 4135 1988) "to fully prove up his case through the presentation of probative photographs." This theory presents no "evidential underpinnings" to support such a conclusion.
Plaintiff and one named defendant were present and provided "evidential underpinnings" as to what they saw. Plaintiff's expert gave his opinion as to what he saw some five years plus later.
 "The case at bar presents another of countless instances where an unsuccessful litigant, still unconvinced, renews in this court his previous, fruitless effort to discredit the evidence submitted by his opponent. Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." Morgan v. Hill, 139 Conn. 159, 161 (1952).
It was the prerogative of the jury to accept the testimony of the defendant, who was present at the fall, testified under direct and cross examination, and was present during the trial, rather than that offered by the plaintiff and his hired investigator who offered his observations and conclusions after a visit to the scene more than five years after the fall.
The motion to set aside is denied.
Defendants' objection to motion to set aside verdict is sustained.
John N. Reynolds State Trial Referee