[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9-C
The above cases were tried together, as consolidated, thus this decision will apply to both cases. Goodspeed Airport will be referred to as the plaintiff and the Town of East Haddam will be referred to as the defendant for the purposes of this memorandum.
On July 5, 1995, the defendant filed a certificate of compensation with the Superior Court at Middletown for the partial taking of real property owned by the plaintiff. On the same date the defendant deposited with said court the sum of $20,000.00, being the compensation determined by the condemner as the sum to be paid to the persons entitled thereto for such real property. Such real property is sited in the Town of East Haddam and is more particularly described in the Statement of Compensation.
The plaintiff has disputed the amount of compensation and the parties being at issue, the matter was tried to the court.
After a full trial, the parties present and represented by counsel, the court, based upon a preponderance of the credible, relevant, reliable and legally admissible evidence, finds, rules and determines as follows: CT Page 9-D
The plaintiff is the owner of the subject premises and is aggrieved by the statement of compensation.
The appraisers, and the appraisals introduced by the parties, agree, and the court so finds, the highest and best use of the property is its present use as an airfield and marina.
The plaintiff's expert, Peter R. Marsele, a qualified appraiser, concluded that the value of the property before the taking was $1,889,000 and the value after the taking was $1,316,500, resulting in damages of $572,500.
The defendant's expert, Stephen P. Smith, also a qualified appraiser, concluded that the market value of the property before! the taking was $550,000 + $X and after the taking the market value was $530,000 + $X ($X represents the value contribution of structural and site improvements, which Mr. Smith found to be unchanged before and after the taking) resulting in damages of $20,000.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commission of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make CT Page 9-E determinations in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. Pandolphe'sAuto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435 A.2d 24
(1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith,183 Conn. 121, 123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see alsoPandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency,146 Conn. 421, 425, 151 A.2d 693 (1959). A condemnee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as nearly as its nature will permit. Tandet v.Urban Redevelopment Commission, 179 Conn. 293, 298 (1979). The measure of damages for a partial taking, as experienced here, is, the difference between the market value of the whole tract as its lay before the taking and the market value of what remained after the taking. Northeastern Gas Transmission Co. v. Ehrhorn,145 Conn. 83, 86, 139 A.2d 53 (1958).
Guided by the aforesaid applicable law, the court finds that the fair market value of the premises, land and improvements, before the taking to be $1,100,000 and after the taking to be CT Page 9-F $1,050,000, resulting in damages of $50,000.
Accordingly, judgment may enter for the plaintiff, Goodspeed Airport to recover of the defendant, Town of East Haddam, the sum of $50,000 plus appraisal fee in the amount of $3,500 plus costs of suit.
SPALLONE STATE TRIAL REFEREE