HERMAN MOSS ET AL. *v.* NEW HAVEN REDEVELOPMENT AGENCY

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 9—decided May 26, 1959

*Walter G. Farr, Jr.,* for the appellant (defendant).

*Benedict S. Moss,* with whom were *Frederick S. Moss* and, on the brief, *David E. FitzGerald, Jr.,* for the appellees (plaintiffs).

MELLITZ, J. This is an appeal from a judgment rendered by the court after overruling the defendant's exceptions to the report of a state referee valuing property taken as part of a redevelopment project in New Haven. The only issue is whether the referee erred in failing to make a specific allowance for the factor of obsolescence or economic depreciation in determining the value of the property.

The subject property, known as 301-303 Congress Avenue, was located at the corner of Rose Street and had a frontage of 30 feet on Congress Avenue, 30 feet on Rose Street to the north, and 36 feet on Rose Street to the west. It was a secondary retail business district of small stores and had been a run-down area for many years. The building occupied practically all the land. It was a four-story brick structure, about sixty-five years old, but structurally sound and admittedly in good condition. The first floor was occupied as a restaurant and tavern, and on each of the second and third floors was a cold-water tenement of five rooms and bath. The fourth floor was unoccupied. There was a full cellar, together with an oil heating plant for the first floor. On the Rose Street side of the building was a large advertising sign. Gross income actually received aggregated $2180 per year, made up of $115 a month from the restaurant and tavern on the first floor, $60 a month from the tenements on the upper floors, and $80 a year from rental of the outside wall for an advertising sign. The reasonable monthly rent for the upper floors was $80 as against the $60 actually being charged by the plaintiffs. Annual expenses, with no allowance for vacancies, collection losses or management expense, totaled $944.35 and included taxes, insurance, water, upkeep and depreciation.

Expert witnesses testified before the referee. One witness presented by the plaintiffs, described by the referee as "an experienced real estate man and appraiser," argued that the rental income should have been $3320 and valued the property, on the basis of capitalization of net income, at $34,895. The view of the referee was that he was required to consider the property as it stood at the date of the taking,

despite the claim of the witness that the rentals should have been higher. The same witness valued the property at $35,850 by means of the reproduction cost less depreciation method. Another witness for the plaintiffs placed the fair market value at $35,000. He was enthusiastic about the property as a good location for a diner or restaurant and a medical center. On behalf of the defendant, an expert witness expressed the opinion that since the property would be bought for investment income alone, the net income capitalization method was the only reasonable method of determining its value. He testified, as well, as to the value as he determined it by the reproduction less depreciation method. By this method, he valued the land at $4515, and the building at $39,155 less a 40 per cent depreciation factor, leaving the building value $23,493, or a valuation of $28,008 for land and building. He then further depreciated the building by another 25 per cent for obsolescence and reached a final total valuation of $18,200. The referee accepted the figures of this witness except as to the element of depreciation for obsolescence and found the fair market value of the property to be $28,008. He commented, in ruling on a motion to correct his report, that he recognized obsolescence or economic depreciation to be a factor to be taken into account but that he did not choose to accept it as a factor "in depreciation of the fair market value of the subject property." It is the defendant's contention that the report of the referee makes it clear that he relied solely on reproduction cost less physical depreciation and refused to give weight to economic factors affecting the building; that in relying exclusively on the cost of physical reproduction less purely physical depreciation, the referee acted arbitrarily, as a matter of law; and

that capitalization of the net income of the property establishes conclusively that the valuation of the property by the referee cannot be supported.

The plaintiffs were entitled to receive just compensation for the property taken, and the task of the referee was to reach a result which would give the plaintiffs as nearly as possible, a fair equivalent in money. *Winchester* v. *Cox,* 129 Conn. 106, 114, 26 A.2d 592. To assist the referee in arriving at his conclusion, the parties presented the testimony of expert witnesses and, through such witnesses, opinions as to value based upon generally recognized theories. These opinions supplemented the evidence before the referee as to the nature and physical condition of the property and the factors relevant to its income and earning capacity. It was in the light of all the circumstances in evidence bearing upon value and of his own general knowledge of the elements going to establish value that the referee was required to weigh and evaluate the opinions expressed by the expert witnesses and to arrive at his own conclusion as to the value of the property taken. *Appeal of Cohen,* 117 Conn. 75, 85, 166 A. 747. Ultimately, the determination of the value of the property was a matter of opinion and depended on the considered judgment of the referee, taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties. *Benson* v. *North Haven,* 126 Conn. 506, 510, 12 A.2d 551. The referee was at liberty to accept and give effect to the testimony of such of the witnesses as he believed to be helpful to him, and to so much of the recognized methods employed by the expert witnesses as a basis for their testimony as he considered most applicable to the situation before him. No one method is controlling, and consideration is required

to be given to all factors which may legitimately affect the determination of value. *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 233, 188 A. 433; *Metropolitan Life Ins. Co.* v. *Bassford,* 120 Conn. 384, 387, 180 A. 692.

The particular criticism the defendant makes of the referee's conclusion is that it was based solely on the reproduction method yet failed to give effect to obsolescence as an element of depreciation. The defendant contends that the value of property such as that here cannot properly be determined by the reproduction method unless effect is given to the factor generally called economic depreciation or obsolescence. It is an accepted principle that whenever cost of reproduction is considered in the determination of value, a proper deduction must be made for depreciation. It has come to be recognized that, in addition to depreciation in the form of structural depreciation resulting from wear and tear and other sources of physical deterioration, the element of depreciation usually referred to as functional depreciation frequently affects value because of obsolescence of the property or its loss of adaptability. 5 Nichols, Eminent Domain (3d Ed.) § 20.3; 2 Orgel, Valuation under Eminent Domain (2d Ed.) § 197. Such an element of depreciation results from a change of neighborhood or from other extrinsic economic factors having a direct bearing on the value of the property. We have approved its use. *Eitingon* v. *Stamford,* 130 Conn. 418, 419, 34 A.2d 878. It was given effect by the experts who testified in *Cohn* v. *Hartford,* 130 Conn. 699, 705, 37 A.2d 237, and *Sibley* v. *Middlefield,* 143 Conn. 100, 107, 120 A.2d 77. It is clear that the property here was of a nature such that it could not properly be valued by the reproduction method alone unless considera-

tion was given to obsolescence. This does not mean, however, as the defendant appears to contend, that the referee was required to accept the figure given by the defendant's expert witness and specifically deduct that or some other exact figure to represent an allowance for functional depreciation.

After analyzing the evidence before him, including the testimony of the various expert witnesses as to value, the referee fixed the value of the property at $28,008. This was the sum arrived at by the defendant's expert witness by use of the reproduction method, exclusive of an allowance for obsolescence. The fact that the referee did not feel warranted in further reducing this sum to allow for obsolescence in accordance with the opinion of the witness does not necessarily indicate that his valuation of the property did not give effect to obsolescence as a factor. He had before him the opinion of another witness, whom he characterized as experienced, who gave the value by the reproduction method, and after depreciation, as $35,850. Other testimony also fixed the value as approximating $35,000. These witnesses apparently did not share the view that the property was obsolescent by reason of the fact that it was in a run-down neighborhood. They were impressed with its possibilities as a location for a diner or restaurant and a medical center. The record does not show it, but there may well have been, in this area, medical facilities which were known to the witnesses and observed by the referee when he viewed the premises and which were the basis for the possibility advanced—that the property had a potential as a medical center. The plaintiffs were entitled to have the value fixed by the referee reflect the use to which the property could readily be converted as well as its existing use. *United States* v. *Causby,*

328 U.S. 256, 261, 66 S. Ct. 1062, 90 L. Ed. 1206; *United States* v. *Powelson,* 319 U.S. 266, 275, 63 S. Ct. 1047, 87 L. Ed. 1390. It is obvious from the fact that the referee did not accept the valuations of the plaintiffs' witnesses that, in his opinion, giving effect to all the factors required to be taken into account, the value of the property was more nearly that fixed by the defendant's witness, but without the further deduction. The referee was at liberty to guide himself in part by the testimony of the defendant's witness and to reject it in part. *Morgan* v. *Hill,* 139 Conn. 159, 162, 90 A.2d 641; *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.,* 144 Conn. 509, 512, 134 A.2d 253. There is nothing to indicate that his final valuation, when considered in the light of all of the evidence before him, did not actually give effect to the element of obsolescence.

There is no error.

In this opinion the other judges concurred.