ANDREW L. MONTANARO ET AL. *v.* CITY OF HARTFORD

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 3—decided May 23, 1973

*Arthur L. Spada,* for the appellants (plaintiffs).
*Albert G. Murphy,* for the appellee (defendant).

PER CURIAM. The plaintiffs have appealed from a judgment, rendered by a state referee exercising the powers of the Superior Court, reassessing at $81,200 the damages sustained by the plaintiffs in the taking of their property by the defendant by eminent domain. This reassessment represented an increase of $1800 over the statement of compensation previously filed by the defendant in the amount of $79,400, and the judgment provided that the defendant pay to the plaintiffs the deficiency of $1800, interest thereon from the date of taking to the date of payment and costs.

The finding of facts, which has not been attacked, discloses that the property in question consisted of a four-story brick building at 1600–1610 Main Street in Hartford housing an owner-occupied grocery store on the first floor, two four-room apartments on each of the three upper floors and, in the rear, a two-story brick building known as 10 Kennedy Street containing three five-room and two three-room apartments, the land area totaling about 7505 square feet. The property was purchased by the plaintiffs in February, 1962, for $74,000 and is located in a neighborhood which began to deteriorate about twenty years ago and is now described as a ghetto area. It is in the approximate center point of the street riots of 1970 and one of the apartments had been vacant for several years due to fire dam-

age. The buildings were probably more than seventy years old and were in poor condition. Their use was nonconforming under the zoning regulations in effect at the time of the taking, and the marketability of the property was found to be poor.

In arriving at the figure of $81,200 as representing the total damages sustained by the plaintiffs, the court accepted their own appraiser's figure of $28,000 as the value of the land and the scope of the plaintiffs' appeal is limited to the court's evaluation of the buildings at $53,200. In attacking this figure, the plaintiffs contend that the court should not have placed any reliance on the defendant's appraisal because it was made in 1968 and did not reflect the true value as of the date of taking. This amounts to a claim that the court should not have believed the defendant's appraiser when he testified that he had "updated" his figures to reflect the current situation. The plaintiffs also contend that the court's compilation of gross rental income was less than that actually derived from the properties during the period from 1967 through 1970 which, in substance, is arguing that the court should have accepted the "economic" rental figures of the plaintiffs' appraiser rather than those advanced by the defendant's appraiser.

"It was within the province of the referee to determine the credence to be given to the testimony before him." *Brothers, Inc.* v. *Ansonia Redevelopment Agency,* 158 Conn. 37, 41, 255 A.2d 836. The trial court was in a position properly to weigh the testimony of expert witnesses and this court will not substitute its judgment for that of the trial court in evaluating their opinions. "It was in the light of all the circumstances in evidence bearing upon value

and of his own general knowledge of the elements going to establish value that the referee was required to weigh and evaluate the opinions expressed by the expert witnesses and to arrive at his own conclusion as to the value of the property taken." *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693.

In claiming that the court failed to take into consideration the actual relationship between the plaintiffs and the property, the plaintiffs apparently contend that various advantages arising out of owner-occupancy should constitute part of the inherent value of the buildings. The short answer to this argument is that any additional value arising out of the fact that the plaintiffs themselves occupied the property, were constantly present on the premises and enjoyed a close relationship with the surrounding community came not from the land or buildings but from the personal services rendered by the plaintiffs in connection with their grocery store.

"The plaintiffs were entitled to receive just compensation for the land taken and the task of the court was to reach a result which would give the plaintiffs, as nearly as possible, a fair equivalent in money, after taking into account the opinions of the appraisers, the claims of the parties and all the circumstances bearing on value." *Feigenbaum* v. *New Britain Housing Site Development Agency,* 164 Conn. 254, 258, 320 A.2d 824. We find nothing in the record to indicate that the court failed properly to perform this task in reaching its evaluation of the plaintiffs' property.

There is no error.