[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the actions of the board of tax review of the Town of Clinton, taken pursuant to General Statutes Sec. 12-118.
After a full hearing, all parties represented by counsel, by a preponderance of the credible, relevant and legally admissible evidence the court finds, rules and concludes as follows. CT Page 10925
On October 1, 1990, the plaintiffs, Peter M. Levine and John J. Stifel, were the owners of certain real estate with the improvements thereon known as 131 Grove Street, Clinton, Conn., which is being operated as a marina and businesses related thereto.
On October 1, 1990, the assessors of the town of Clinton valued said property as follows:
Land $1,083,120
Buildings 681,530
Out Buildings 124,440
Total $1,889,090
The assessors, applying their determination that all property in the Town of Clinton should be assessed at 70% of its true and actual value, assessed said property as follows:
Land $ 758,180
Buildings 477,070
Out Buildings 87,110
Total $1,322,360
The plaintiffs filed a timely appeal of such assessment to town of Clinton, board of tax review, which board made no changes in the valuations. This appeal followed.
The plaintiffs' expert appraiser, F. Jerome Silverstein, after considering the cost approach and the direct sales comparison and indicating the cost approach as more important valued the subject premises at $626,500 for the land, $999,500 for the improvements for a total of $1,617,000.
The defendants expert appraiser, John J. Valenta, utilizing the cost approach and the direct sales comparison valued the subject premises at $1,083,910 for the CT Page 10926 land, $805,970 for the improvements for a total of $1,889,880
Both experts rejected the income capitalization approach.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc. v. Manchester, supra 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425,151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court finds that, as of October 1, 1990, the fair market value of the property subject to this appeal is as follows:
Land $1,083,120
Buildings 681,530
Outbuildings 124,440
Total $1,889,090
Accordingly, it is adjudged that the true and actual value of the plaintiffs' property on October 1, 1990 and the assessment based on the assessors' determination that all property in the town shall be liable for taxation CT Page 10927 at 70% of its true and actual value on said assessment date to be as follows:
TRUE AND ACTUAL VALUE ASSESSED VALUE
Land $1,083,120 758,180
Building 681,530 477,070
Outbuildings 124,440 87,110
Total $1,889,090 $1,322,360
Note that the court, under the facts and circumstances in this case, making its own determination of the value of the premises, agrees with the valuation reached by the assessors of the Town of Clinton.
Judgment may enter for the plaintiff, with cost, dismissing the appeal.
SPALLONE STATE TRIAL REFEREE