[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, pursuant to General Statutes Sec.12-118, by writ, summons and complaint, dated May 25, 1990, initiated this appeal from the Board of Tax Review of the Town of Old Saybrook.
On or about October 1, 1989, the plaintiffs, John C. Wilson and Hall M. Wilson were owners of 11 Pettipaug Avenue in the borough of Fenwick, town of Old Saybrook, Connecticut.
Prior to October 1, 1989, said property had been valued, on the grand list of the town of Old Saybrook, at a true and actual value of $175,000.00, which included land and improvements.
As of the grand list of October 1, 1989, the assessors of the town of Old Saybrook revalued said property and increased its true and actual value to $1,423,100.00, which included land and improvements. CT Page 2584
Acting on the plaintiff's appeal, on or about May 21, 1990, the Board of Tax Review of the town of Old Saybrook reviewed the October 1, 1989, valuation of the subject property and determined that it properly reflected its true and actual value and did not reduce the assessment. This appeal followed.
After a full trial, all parties represented by counsel and fairly heard, the court finds, by a preponderance of the credible, relevant, and legally admissible evidence the facts to be as follows.
The plaintiffs presented the testimony of Peter Marsele who testified that he, in prior litigation in the superior court, valued the subject property, as of June 1, 1988, at $710,000.00 including land and improvements.
Testifying for the plaintiffs, Gerry Adam, a licensed, certified general real estate appraiser utilizing the replacement cost and the comparable sales methods concluded the fair market of the subject property to be $670,000.00, which included land and buildings.
The assessor of the town of Old Saybrook testified that, utilizing the cost approach, she determined the fair market value of the subject property to be $1,423,100.00, which included land and buildings.
The defendants' expert, Stephen R. Flanagan, employing the market approach opined that the fair market value of the subject property would be $1,435,000.00 (land and improvements) if considered waterfront, if considered indirect waterfront the value would be $1,330,000.00 (land and improvements.)
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v. Commissioner of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217,220, 435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in CT Page 2585 whole or in part. Smith v. Smith, 183 Conn. 121, 123,438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case the court finds that, that as of October 1, 1989, the fair market value of the property subject to this appeal is as follows:
 Land 706,050 Building 510,880 -------- TOTAL 1,216,930
Accordingly, it is adjudged that the true and actual value of the plaintiffs' property on October 1, 1989 and the assessment based on the assessor's determination that all the property in the town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
True and Actual Value Assessed value — ------------------- --------------
Land $706,050 $494,235 Bldg 510,880 357,616 -------- ------- TOTAL 1,216,930 851,851
and it is further adjudged that the Board of Tax Review correct the assessment, against the plaintiffs, on the grand lists of October 1, 1989, October 1, 1990, October 1, 1991 and October 1, 1992 and that the town refund to the plaintiffs overpaid taxes if any, together with costs.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance CT Page 2586 with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk