[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the board of tax review of the town of Old Saybrook, brought pursuant to Conn. Gen. Stat. Sec. 12-118.
After a town wide valuation of all taxable property located in Old Saybrook, the assessors, on October 1, 1989, increased the full fair market value of the premises, subject to this appeal, from $109,370.00 to $1,210,450.00 which included land and improvements.
Upon timely appeal, the board of tax review reduced the assessed value of the premises from $847,350.00 to $834,750.00, land and improvements indicating a full fair market value as of October 1, 1989, of $1,192,500.00. In due course this appeal followed.
After a full hearing, all parties represented by counsel the court finds by a preponderance of the credible, relevant and legally admissible evidence the facts as follows: CT Page 2850
Peter H. Conze, the plaintiff, is the owner and appellant in this proceeding and is an aggrieved party.
At the commencement of trial, with the permission of the court, the plaintiff agreed with the defendant's valuation of the improvements on the premises, $160,000.00, and withdrew his appeal as to the improvements, thus limiting this appeal solely to the value of the land.
Jerry Adam, testifying as an expert for the plaintiff, utilizing the market and coat approach appraised the land at $540,000.00.
The plaintiff called Stephen Flanagan, an appraiser of the property for the defendant, who utilizing the market approach valued the land at $700,000.00.
The defendant's expert, Steven Hazard, testified that in his opinion the land and improvements using the market and cost approach were valued at $1,348,000.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v. Commission of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220,435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262
(1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 847
(1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959).
 Applying the aforesaid law to the facts and circumstances of this case, the court finds that as of October 1, CT Page 2851 1989, the fair market value of the property subject to this appeal is as follows:
 Land 875,000.00 Building 162,700.00 ------------ Total 1,037,700.00
Accordingly, it is adjudged that the true and actual value of the plaintiff's property on October 1, 1989 and the assessment based on the assessors determination that all property in the town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
TRUE AND ACTUAL VALUE ASSESSED VALUE
Land 875,000.00 612,500.00 Bldg. 160,700.00 112,490.00 ------------ ---------- 1,035,700.00 724,990.00
and it is ordered that the board of tax review correct the assessment against the plaintiffs on the grand list of October 1, 1989, October 1, 1990, October 1, 1991 and October 1, 1992 and if necessary to refund any excess taxes paid.
Accordingly, judgment may enter for the plaintiff, together with costs of suit.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk