[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the doings of the board of tax review of the Town of Old Saybrook brought pursuant to Gen. Stat. Sec. 12-118.
By writ, summons and complaint, dated July 11, 1990, and, as subsequently amended, the plaintiffs initiated this tax appeal contesting the valuation of their land located in the borough of Fenwick, town of Old Saybrook and known as 19 Agawam Avenue. By amendment dated March 3, 1993, the plaintiffs deleted counts 3, 6, 9 and 12 of their amended complaint.
During 1989, the town of Old Saybrook, pursuant to Gen. Stat. Sec. 12-62, conducted a revaluation of all real property within its jurisdiction and included therein a valuation of the land, subject to this appeal, at a fair market value of $385,000.00 assessed at 70% for an assessed value of $269,500.00.
After the refusal of the town assessor to reduce the valuation, the plaintiff, in due course, appealed the final determination of the assessor to tax review, who denied said appeal. This appeal followed. CT Page 2926
After a full hearing, all parties represented by counsel, the court, based on the preponderance of the credible, relevant and legally admissible evidence, finds, concludes, and rules as follows.
The plaintiffs, Philip H. Davis and Elizabeth Davis are the owners of the land subject to this appeal and are aggrieved parties.
The plaintiffs are not contesting the assessments of the improvements, thus this appeal is limited to the land value only.
The plaintiffs' expert appraiser, Norman R. Benedict, utilizing the comparable sales approach, appraised the property at $275,000.00.
Stephen Flanagan, testifying as an expert appraiser for the defendant, using both the comparable sales approach and an extraction technique, opined that the subject property has a value of $375,000.00.
Steven Hazard, who also testified as an expert appraiser for the defendant, based on a comparable sales and a cost approach, valued both land and improvements at $654,000.00. After allowing for the value of the improvements, he allotted $452,600.00 as the land value.
The assessor of the town of Old Saybrook, as reflected in the assessor's records, places the land value at $385,000.00, which assessed at 70% of fair market value results in as assessed value of $269,500.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v. Commission of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses out is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220,435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262
(1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in CT Page 2927 part. Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 847
(1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court, agreeing with the valuation and assessment of the town of Old Saybrook, finds the true and actual value of the land subject to this appeal to be $385,000.00 and the assessed value, at 70%, to be $269,500.00.
The court finds the issues on all counts of the plaintiffs' complaint for the defendant. Accordingly, judgment may enter for the defendant; on all counts of the plaintiffs' complaint, dismissing the plaintiffs' appeal, and, for costs of suit.
SPALLONE STATE TRIAL REFEREE
Judgment in accordance with the foregoing Memorandum of Decision
Michael Kokoszka, Clerk