[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking.
After hearing duly held, the court finds by a preponderance of the credible, relevant and legally admissible evidence the facts to be as follows:
The plaintiffs, Sebastian and Antoinetta Garofalo, are applying for a review of the statement of compensation, in the amount of $30,000.00, filed by the defendant, Town of Cromwell, on December 4, 1992, in regard to the taking of premises as is more fully described in the appeal and application for review.
The plaintiffs are the owners of and have a record interest in these premises and are aggrieved by the statement of compensation.
The highest and best use of the property taken is an industrial sub-division. This was a partial taken, therefore the plaintiffs are entitled to damages, resenting their loss after the taking.
The plaintiffs expert utilizing the comparative sales approach valued the taking at $145,000.00. CT Page 9942
The defendants' expert, Norman Benedict, utilizing the same method, found that after the taking the plaintiffs suffered damages in the amount of $30,000.00.
The owner of land taken by condemnation is entitled to be paid just compensation. Conn. Const. Art. 1 Sec 11. If the taking is partial, (as in this case) the measure of damages is the difference between the market value of the whole tract with its improvements before the taking and the market value of what remained of it thereafter. Meriden v. Ives, 165 Conn. 768, 773,345 A.2d 13 (1974). The fair market value is the price that the trier reasonably thinks would result from fair negotiations between a willing seller and a willing buyer. Connecticut Printers, Inc. v. Redevelopment Agency, 159 Conn. 407, 411-13,270 A.2d 549 (1970).
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220,435, A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in while or in part. Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307
(1967); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959).
We note that, prior to the instant taking of a fifty foot easement, the defendant owned a 16 1/2 foot easement which was included in the enlarged easement. The plaintiff expert appraiser ascribed no value to this existing easement.
Guided by the aforesaid applicable law, the court finds that the value of the plaintiffs property to be $1,220,000 before the taking and after the taking to be $1,190,000 resulting in CT Page 9943 damages of $30,000.00.
The defendant has paid into court the sum of $30,000.00, which sum equals the damages found by the court.
The certificate of compensation accurately reflects the damages resulting from the taking and need not be revised.
Accordingly, judgment may enter sustaining the certificate of compensation and requiring that said sum of $30,000.00 be turned over to the plaintiffs with costs payable to the defendant.
SPALLONE STATE TRIAL REFEREE
Judgment enters in accordance with the foregoing Memorandum of Decision
Michael Kokoszka, Chief Clerk