[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal, from a decision the defendant's Board of Tax Review, challenging the validity of the assessment laid against real estate located in the Town of Old Saybrook.
After a full hearing, the parties present or represented by counsel, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
On or about October 1, 1989, the plaintiffs, Alan M. Moss and Laura A. Moss, were the owners of certain premises known as 176 Nehantic Trial, Old Saybrook, Connecticut.
Prior to October 1, 1989, the Town of Old Saybrook, pursuant to General Statute Section 12-62, conducted a revaluation of all real property within its jurisdiction and included therein the real estate subject to this appeal.
Prior to October 1, 1989, said property had been valued by the Town and had been carried on its grand list at a Fair Market Value of $74,070.00 including land and improvements.
As of the grand list of October 1, 1989, the defendants Assessor increased the Fair Market Value of said real estate to $470,700.00 including land and buildings.
The plaintiff's appealed to the Board of Tax Review, which board, by decision dated May 21, 1990 reduced the assessment of said premises by $10,500.00 to $318,990.00, reflecting a Fair Market Value of $455,700.00 including land and improvements. This appeal followed.
At trial, the plaintiff's expert appraiser, Gerry Adam, utilizing both the comparable sales and the cost approach opened CT Page 3907 that the real property at 176 Nehantic Trail had a Fair Market Value of $362,500.00, land and improvements.
The defendant's expert appraiser, Tom Merola, based upon the direct sales comparison approach, testified that he found the Fair Market Value of 176 Nehantic Trail to be $455,000.00, land and improvements.
The plaintiffs had purchased the subject property on or about November 18, 1995 for $414,700.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc.v. Manchester, 181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaumv. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's AutoParts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959).
The court may consider the price the plaintiff paid for the property. Pandolphe's Auto Parts, Inc. v. Manchester, supra, 223.
Applying the aforesaid law to the facts and circumstances of this case, the court, in agreement with the assessment of the Town of Old Saybrook finds the true and actual value of the property, subject to this appeal, as of October 1, 1989 to be $455,700.00 and the assessed value, at 70%, to be $318,990.00.
Accordingly, judgment may enter for the defendant, Town of Old Saybrook, against the plaintiffs, Alan M. Moss and Laura A. Moss, dismissing the appeal and for costs of suit.
SPALLONE CT Page 3908
STATE TRIAL REFEREE
Judgment entered in accordance with foregoing Memorandum of Decision.
Jonathan Field, Deputy Chief Clerk