[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal, from a decision the defendant's Board of Tax Review, challenging the validity of the assessment laid against real estate located in the Town of Clinton.
After a full hearing, the parties present or represented by counsel, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows: CT Page 3250
On or about October 1, 1991, the plaintiff, Old Harbor Marina, was the owner of certain premises known as 79 Waterside Lane, Clinton, Connecticut.
Prior to October 1, 1990, the Town of Clinton, pursuant to General Statute Section 12-62, conducted a revaluation of all real property within its jurisdiction and included therein the real estate subject to this appeal.
As of the grand list of October 1, 1990, the defendants Assessor increased the Fair Market Value of said real estate to $1,669,614.00, including land and buildings, which valuation was carried over to the grand list of October 1, 1991.
The plaintiff's appealed to the Board of Tax Review, which board, by decision, dated March 2, 1992, denied said appeal. This appeal followed.
At trial, the plaintiff's expert appraiser, Tom Merola, utilizing the comparable sales, cost, and income approaches opined that the real property at 79 Waterside Lane had a Fair Market Value of $825,000.00, land and improvements.
The defendant's expert appraiser, John J. Valente, based upon the direct sales comparison and the cost approach, testified that he found the Fair Market Value of 79 Waterside Lane to be $1,670,000.00, land and improvements.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E FRealty Co. v. Commissioner of Transportation, 173 Conn. 247, 253,377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217,220, 435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part.Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 847 (1981); Richard v.A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, CT Page 3251146 Conn. 421, 425, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court finds that, as of October 1, 1991, the Fair Market Value of the plaintiff's property, subject to this appeal is:
 LAND $1,300,000.00 BUILDINGS $ 106,614.00 ------------- TOTAL $1,406,614.00
Therefore, it's adjudged that the true and actual value of the plaintiff's property, on October 1, 1991, and the assessment based on the assessors determination that all property in the Town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
 True and Actual Value Assessed Value --------------------- -------------- LAND $1,300,000.00 $910,000.00 BUILDINGS $ 106,614.00 $ 74,630.00 ------------- ----------- $1,406,614.00 $984,630.00
and it is ordered that the Board of Tax Review correct the assessment against the plaintiff on the grand lists of October 1, 1991, October 1, 1992 October 1, 1993 and October 1, 1994 and, if necessary, to refund any excess taxes said.
Accordingly, judgment may enter for the plaintiff, sustaining his appeal on count one of his complaint, count two is dismissed. Plaintiff is awarded costs.
SPALLONE STATE TRIAL REFEREE
Judgment enters in accordance with the foregoing Memorandum Of Decision
Jonathon W. Field, Deputy Chief Clerk CT Page 3252