[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal, from a Decision by the defendants, Board of Tax Review, challenging the validity of the assessment laid against real estate located in the Town of Clinton.
After a full hearing, the parties present, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
On or about October 1, 1990, the Town of Clinton pursuant to General Statute § 12-62, conducted a revaluation of all real property within its jurisdiction and included therein the real estate subject to this appeal. CT Page 5897
As of the Grand List of October 1, 1990 and subsequent Grand Lists of thereto namely October 1, 1991, October 1, 1992, October 1, 1993 and October 1, 1994, the defendants assessor increased the Fair Market Value of said real estate to $239,000.00, including land and buildings which valuation is still in affect.
The plaintiff appealed to the Board of Tax Review for the assessment beginning with the year October 1, 1993. Said board by decision denied said appeal and this appeal followed.
At trial, the plaintiff's expert appraiser, Philip W. Ball, utilizing the comparable sales approach rendered an opinion that the Fair Market Value of the property at 147 East Main Street, Clinton, Connecticut on October 1, 1990 was $173,000.00.
The defendant's expert appraiser, John J. Valente, based upon comparable sales testified that he found the Fair Market Value of 147 East Main Street, Clinton to be $239,000.00, land and improvements.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247
(1977). The trier is not limited to arbitrating a differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217 (1980). In this case the court is familiar with the property having been inside the property a number of times prior to 1984. The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v.Smith, 183 Conn. 121 (1981). Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421
(1959).
Applying the aforesaid law to the facts and circumstances of this case, the court finds that as of October 1, 1990, the Fair Market Value of the plaintiff's property, subject to this appeal is $173,000.00.
Therefore, it is adjudged that the true and actual value of CT Page 5898 the plaintiff's property on October 1, 1990 and the assessment based on the Assessor's determination that all property in the Town shall be liable for taxation at 70% of its true and actual value on said assessment date is as follows: $121,100.00 and it is ordered that the Board of Tax Review correct the assessment against the plaintiff on the Grand Lists of October 1, 1993, October 1, 1994 and if necessary, to refund and excess taxes paid.
Accordingly judgment may enter for the plaintiff sustaining their appeal. Plaintiff is awarded cost.
O'CONNELL, J.
Judgment to enter in accordance with Foregoing Memorandum of Decision. Jonathan Field, Deputy Chief Clerk