[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal from a Decision of the defendant's Board of Tax Review, challenging the validity of the assessment laid against real estate in the Town of Deep River.
After a full hearing, the parties present or represented by counsel, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, concludes and rules as follows:
On or about October 1, 1992, the plaintiffs were the owners of certain premises known as 401 River Road, Deep River, Connecticut.
Prior to October 1, 1992, as by statute provided, the Town of Deep River conducted a revaluation of all real property within its jurisdiction and included therein the real estate subject to this appeal.
As of the Grand List of October 1, 1992, the defendants' Assessor increased the Fair Market Value of said real estate to $1,063,400.00, including land and buildings, which valuation was carried over to the Grand Lists of October 1, 1993 and October 1, 1994.
The plaintiffs appealed to the Board of Tax Review, which board, by decision denied said appeal. This appeal followed.
At trial, the plaintiffs' appraiser, Francis J. Buckley, III, CT Page 5099 utilizing the comparable sales and cost approaches was of the opinion that the real property at 401 River Road, had a Fair Market Value of $738,000.00, land and improvements.
The defendants' expert appraiser, Stephen R. Flanagan was of the opinion, based upon the comparable sales approach, that the Fair Market Value of the real property at 401 River Road, land and improvements, was $1,150,000.00.
In assigning value to property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation,173 Conn. 247, 253 (1977). The trier is not limited to arbitrating the differing opinions of witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220 (1980); Birnbaum v. Ives, 163 Conn. 12, 21
(1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part.Smith v. Smith, 183 Conn. 121, 123 (1981); Richard V.A. Waldman Sons, Inc., 155 Conn. 343, 348 (1967); see also Pandolphe's AutoParts, Inc. v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the differing opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court, in agreement with the assessment of the Town of Deep River finds the true and actual value of the property subject to this appeal, as of October 1, 1992 to be $1,063,400.00, land and improvements, and, the assessed value at 70% to be $744,380.00, land and improvements.
Accordingly, judgment may enter in favor of the defendant, Town of Deep River dismissing the appeal.
It is so ordered.
HIGGINS, J.
Judgment entered in accordance with foregoing Memorandum of Decision. CT Page 5100
Jonathan W. Field, Deputy Chief Clerk