[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6644
This is a tax appeal, from a Decision of the defendants' Board of Tax Review, challenging the validity of the assessment laid against real estate located in the Town of Deep River.
After a full hearing, the parties present or represented by counsel, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, concludes and rules as follows:
On or about October 1, 1992, the plaintiff, Daniel N. Wilkes was the owner of certain premises know as 409 River Road, Deep River, Connecticut.
Prior to October 1, 1992, the Town of Deep River as by statute provided, conducted a revaluation of all real property within its jurisdiction and included therein the real estate subject to this appeal.
As of the Grand List of October 1, 1992, the defendant's Assessor increased the Fair Market Value of said real estate to $1,125,000.00, including land and buildings, which carried over to the lists of October 1, 1993 and October 1, 1994.
The plaintiff appealed to the Board of Tax Review which board denied said appeal. This appeal followed therefrom.
The plaintiff's expert appraiser, Francis J. Buckley, III, using the comparable sales and cost methods, was of the opinion that said real estate at 409 River Road had a Fair Market Value of $755,000.00, land and improvements.
The defendant's expert appraiser, Stephen R. Flanagan, was of the opinion that said real property located at 409 River Road had a Fair Market Value of $1,150,000.00, land and improvements.
In the evaluation of property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation,173 Conn. 247, 253 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc.v. Manchester, 181 Conn. 217, 220 (1980); Birnbaum v. Ives,
CT Page 6645163 Conn. 12, 21 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith, 183 Conn. 121, 123 (1981); Richard V.A.Waldman Sons, Inc., 155 Conn. 343, 348 (1967); see alsoPandolphe's Auto Parts, Inc. v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court finds that as of October 1, 1992, the Fair Market Value of the plaintiffs' property subject to this appeal was:
 LAND $585,000.00 BUILDINGS IMPROVEMENTS $400,000.00 ----------- TOTAL $985,000.00
Therefore, it is adjudged that the true and actual value of the plaintiff's property, on October 1, 1992, and the assessment based on the Assessor's determination that all property in said Town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
 True and Actual Value Assessed Value
LAND $585,000.00 $409,500.00 BUILDING $400,000.00 $280,000.00 IMPROVEMENTS ----------- -----------
TOTAL $985,000.00 $689,500.00
and it is ordered that the Board of Tax Review correct the assessment against the plaintiff on the Grand Lists of October 1, 1992, October 1, 1993 and October 1, 1994, and if necessary, to refund any excess taxes paid.
Accordingly, judgment may enter for the plaintiff, sustaining his appeal. Plaintiff is awarded costs.
It is so ordered.
HIGGINS, J. CT Page 6646
Judgement enters in accordance with the foregoing Memorandum of Decision
Jonathan W. Field, Deputy Chief Clerk