[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11351
This is a tax appeal challenging the validity of the assessment, laid against real estate owned by the plaintiff and known as 175-5 Elm Street, Old Saybrook, Connecticut, on the grand list of October 1, 1995.
After a full hearing, the parties present and/or represented by counsel, based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
The assessor set a fair market value of the plaintiffs real estate at $909,280, land and buildings, assessment at $636,500 after applying the 70% assessment rate.
The plaintiff, within the time prescribed by law, appealed to the Board of Assessment Appeals for a reduction of said assessment. By notice dated March 16, 1996, said board, in accordance with the Connecticut General Statutes, elected not to conduct a hearing for said real estate. This appeal followed.
At trial, the plaintiffs' expert appraiser, Christopher Buckley, opined that the real property at 175-5 Elm Street had a Fair Market Value of $640,000, land and improvements.
The defendant's expert appraiser, Stephen R. Flanagan, testified that he found the Fair Market Value of 175-5 Elm Street to be $1,000,000, land and improvements.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc.v. Manchester, 181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaumv. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe'sAuto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, CT Page 11352 which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 424, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court, in agreement with the valuation of the Town of Old Saybrook finds the true and actual value of the property, subject to this appeal, as of October 1, 1995 to be $909,280 and the assessed value, at 70%, to be $636,500.
Accordingly, judgment may enter for the defendant, Town of Old Saybrook, against the plaintiff, Autumn Ridge Ltd., dismissing the appeal and for cost of suit.
SPALLONE JUDGE TRIAL REFEREE