[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this condemnation proceeding, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking.
After a full hearing, all parties present and represented by counsel, the court based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows.
The defendants, Russell E. and Mary Ann K. Tanguay, the record owners who are aggrieved by the taking, are applying for a review of the statement of compensation in the amount of $1.00, filed by the plaintiff, Town of Cromwell in regard to the taking of premises as more fully described in the appeal and application for review.
The highest and best use of the property taken is a public road giving access to certain lots abutting said road.
Prior to the taking the subject premises, known as Southwood Road, was an existing private easement, which, after the taking became a easement for public use. The taking in essence, converted a private easement into a public road.
Being a partial taking, the measure of damages to be applied by the court, is any loss sustained by the defendants after the taking. Such damages are arrived at by calculating the value of the property before and after the taking. The difference, if any, determines the amount of the damages. CT Page 12511
The defendant's expert, John B. Flint, testified that the fair market value, as of the date of the taking, and before the taking was $178,000 and after the taking was $163,000.
The plaintiff's expert, Peter R. Marsele, opined the before taking value of the premises was $165,000 and that the value of the premises after the taking was $177,000, thereby indicating a benefit to the defendant as a result of the condemnation.
The parties waived a viewing of the premises.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty v. Commission of Transportation, 173 Conn. 247, 253,377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123, 438, A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc.v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency,146 Conn. 421, 425, 151 A.2d 693 (1959).
Guided by the aforesaid applicable law, the court finds value of the premises, subject to the condemnation, to be $165,000 before the taking and after the taking to be $177,000 resulting in a benefit to the defendants.
Accordingly, the court, holding that the $1.00 deposited with the court constitutes just compensation under the facts and circumstances of this case, enters judgment for the plaintiff, with costs of suit.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE CT Page 12512