[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking.
After a full hearing, all parties present and/or represented by counsel, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, Thirty-Three Main Street, Inc., the record owner who is aggrieved by the taking, is applying for a review of the statement of compensation in the amount of $200,000.00, filed by the defendant, Commissioner of Transportation, in regard to the taking of the premises as is more fully described in the appeal and application for review.
The court finds that the highest and best use of the premises subject to this appeal is a waterfront oriented business.
The plaintiff's expert, F. Jerome Silverstein, utilizing the direct sales comparison approach and an income capitalization approach, opined that the fair market value, on the date of the CT Page 645 taking, June 30, 1998, of the subject premises was $466,000.00.
The defendants expert, Charles M. Wisnioski, with moderate emphasis on the sales comparison approach and primary emphasis on the direct capitalization approach, determined the value of the premises, on the date of the taking, to be $200,000.00.
The court heard testimony that the Commissioner of Transportation had previously authorized an appraisal, of the subject premises by the Russ Appraisal Services, Div. of Russ, LLC, which valued the subject property at $375,000.00 as of November 27, 1997.
Further, all the appraisals, admitted at trial, showed that the assessed value of the premises, land and improvements, for tax purposes, was $430,360.00, which assessment indicated a fair market value of $614,800.00 as of the last reevaluation of October 1, 1991.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v. Commission of Transportation, 173 Conn. 247, 253,377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his reviewing of the premises. Pandolphe's AutoParts, Inc. v. Manchester, 181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v.Smith. 183 Conn. 121, 123, 438, A.2d 847 (1981); Richard V. A.Waldman sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts. Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). A condemnee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as nearby as its nature will permit, Tandet v. Urban Redevelopment Commission,179 Conn. 293, 298 (1979). The measure of damages is the fair market value of the property at the date of the taking. The highest and best use of the land is contemplated D'Addario v. Commissioner ofTransportation, 180 conn. 355,365 (1980). CT Page 646
Guided by the principals of law enunciated above, and applying them to the facts and circumstances in this case, the court finds the value of the premises subject to this condemnation action to be $375,000.00. The record indicates that the $200,000.00, paid into count with the defendants statement of compensation has been turned over to the plaintiff.
Accordingly, judgment may enter for the plaintiff to recover of the defendant an additional $175,000.00, an appraisers fee of $3,000.00, plus legal and costs of suit.
Spallone Judge Trial Referee