[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this condemnation proceeding, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking.
After a full hearing, all parties present and represented by counsel, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, James Kolman, the record owner who is aggrieved by the taking, is applying for a review of the statement of compensation in the amount of $11,150.00. filed by the defendant, Commissioner of Transportation, in regard to the taking of the premises as is more fully described in the appeal and application for review.
The court finds the highest and best use of the premises is, as zoned, planned commercial.
Because this condemnation proceeding is a partial taking, the measure of damages to be applied by the court, is any loss sustained by the plaintiff. Such damages are arrived at by calculating the value of the premises before and after the taking. The difference, if any, determines the amount of the damages.
The plaintiff's expert, Donald P. Mullane, testified that the fair market value, as of the date of the taking, and before the taking was $185,000.00 and after the taking was $34,000.00, indicating damages in the amount of $151,000.00
The defendant's expert, James G. Sauve, opined that the before taking value of the premises, on the date of the taking, was $408,000.00 and that the value of the premises after the CT Page 2899 taking was $389,886.00, indicating damages in the amount of $18,114.00.
The plaintiff's expert confined his examination of values to approximately one and one-half acres of commercially zoned land fronting of Route 66. The defendant's expert examined approximately three acres, all commercially zoned, and having the same frontage on Route 66. The court conducted a view of the premises.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty v. Commission of Transportation, 173 Conn. 247, 253,377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts. Inc. v. Manchester,181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123, 438, A.2d 847 (1981); Richard V. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc.v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959).
Guided by the aforesaid applicable law, and referencing its valuation to the three acre commercially zoned parcel, the court finds the value of premises subject to the condemnation to be $400,000.00 before the taking and after the taking to be $370,000.00 resulting in damages to the plaintiff in the amount of $30,000.00.
Accordingly, judgment may enter for the plaintiff to recover of the defendant the sum of $30,000.00 damages plus an appraiser's fee of $2,200.00 plus legal interest and costs of suit.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE CT Page 2900