[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking, June 23, 2000.
After a full hearing, all parties present and/or represented by counsel, the court. based upon the preponderance of the credible, relevant, reliable and legally admissible evidence, and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff Berlin Turnpike Associates, LLC, the record owner who is aggrieved by the taking. is applying for a review of the compensation in the amount of $19,400, filed by the defendant, Commissioner of Transportation, in regard to the takings involving the premises as is more fully described in the appeal and application for review.
The court finds that the highest and best use of the premises subject to this appeal is, as presently utilized, for commercial retail and office use. CT Page 14932
The defendant took no fee simple interest in the premises.
The interests taken by the State are as follows:
(a) an easement to slope for support of the highway
(b) to install traffic signal appurtenance
(c) a drainage right of way
(d) right to construct a driveway
(e) right to grade
(f) right to install a sedimentation control system
Also, taken was an easement for a temporary work area during construction.
The measure of damages under the facts and circumstances of this matter is the value before the taking minus the value of the premises after the taking and also an additional sum for the taking a temporary easement during construction.
The plaintiffs' expert, Brigham S. Metcalfe, employing the before and after rule, testified that the value of the premises before the taking was $2,192,808, and the after value was $2,151,105. He testified that the damages amounted to $41,7003. He established the temporary easement at $3,133, for a rounded out total damage of $45,000, as a result of the June 23, 2000 taking.
The defendants' expert, Ramesh Singhal, also utilizing the before and after rule, found that the before taking value at $1,279,100 and the after value to be $1,261,400. He added to said sum, $4,873 damages for the temporary taking for a total damages, rounded at $22,600.
In valuating property, the trial court is charged with the duty of making an in dependent on of the property involved. E F Realty v.Commission of Transportation, 173 Conn. 247 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's AutoParts, Inc. v. Manchester, 181 Conn. 217, 220, 435, A.2d 24 (1980);Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123, CT Page 14933438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 348,232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc. v.Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959).
Guided by the principles of law enunciated in the foregoing cases and applying them to the facts and circumstances in the case, the court finds the before value of the premises to be $1,700,000 and the after value to be $1,669,000. Added to this difference the damages for the taking of the temporary easement that the court finds to be $3,500, the court assessed the damages at $34,500.
Accordingly, judgment may enter for the plaintiff, Berlin Turnpike Associates. LLC, to recover of the defendant, Commissioner of Transportation, State of Connecticut, the total sum of $34,500, an appraiser fee of $1,225, plus legal interest and costs of suit.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE